# EXHIBIT A

*State Court Pleadings*

*C/A No. 2026-CP-14-00057*

STATE OF SOUTH CAROLINA

COUNTY OF CLARENDON

MICHAEL PEARSON,

         *Plaintiff,*

v.

CLARENDON COUNTY; THIRD
CIRCUIT SOLICITOR'S OFFICE;
CLARENDON COUNTY SHERIFF'S
OFFICE; CITY OF SUMTER;
SOUTH CAROLINA ATTORNEY
GENERAL'S OFFICE; KENNETH
CLARK; THOMAS HAM; ERNEST
FINNEY, III; MARK CREECH;

         *Defendants.*

IN THE COURT OF COMMON
PLEAS
FOR THE
THIRD JUDICIAL CIRCUIT

Case No.

SUMMONS

TO:    **ABOVE-NAMED DEFENDANTS**

    YOU ARE HEREBY SUMMONED and required to answer the attached Complaint and serve a copy of your Answer on the Plaintiff's attorney, KENDRICK & LEONARD, P.C, at 7 Mills Avenue, Greenville, South Carolina 29605 –OR- P.O. Box 6938, Greenville, South Carolina, 29606, within thirty (30) days after service, excluding the date of service.

    If you fail to answer the Complaint within thirty days, the Plaintiff will request the Court enter a default judgment against you for all damages alleged in the Complaint.

                Respectfully Submitted,

                *s/ Joshua Snow Kendrick*
                Joshua Snow Kendrick (SC ID 70453)
                Christopher S. Leonard (SC ID 80166)
                KENDRICK & LEONARD, P.C.
                7 Mills Avenue (29605)
                P.O. Box 6938
                Greenville, SC 29606
                Tel: (864) 760-4000
                Josh@KendrickLeonard.com

Greenville, South Carolina
January 30, 2026

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

STATE OF SOUTH CAROLINA

COUNTY OF CLARENDON

MICHAEL PEARSON,

        *Plaintiff,*

v.

CLARENDON COUNTY; THIRD
CIRCUIT SOLICITOR'S OFFICE;
CLARENDON COUNTY SHERIFF'S
OFFICE; CITY OF SUMTER;
SOUTH CAROLINA ATTORNEY
GENERAL'S OFFICE; KENNETH
CLARK; THOMAS HAM; ERNEST
FINNEY, III; MARK CREECH;

        *Defendants.*

IN THE COURT OF COMMON
PLEAS
FOR THE
THIRD JUDICIAL CIRCUIT

Case No.

COMPLAINT
(Jury trial demanded)

Plaintiff Michael Pearson alleges the following against the Defendants:

## PARTIES AND JURISDICTION

1. Plaintiff Michael Pearson is a resident of Florence County, South Carolina.

2. Defendant Clarendon County is a political subdivision of the State of South Carolina.

3. Defendant Third Circuit Solicitor's Office is a government agency that operates in Clarendon County, South Carolina.

4. Defendant Clarendon County Sheriff's Office is a government agency in Clarendon County, South Carolina.

5. Defendant City of Sumter is a legally formed municipality in Sumter County, South Carolina.

6. Defendant South Carolina Attorney General's Office is a government agency in Richland County, South Carolina.

7. Defendant Kenneth Clark is a law enforcement officer with the Clarendon County Sheriff's Office. His personal residence is unknown. At all times relevant to this action, he was acting under color of law and in the course and scope of his duties as a Clarendon County law enforcement officer. Clark is sued in his individual

capacity.

8. Defendant Thomas Ham was, at the time of the events giving rise to this Complaint, a law enforcement officer with the Clarendon County Sheriff's Office. His personal residence is unknown. At all times relevant to this action, he was acting under color of law and in the course and scope of his duties as a Clarendon County law enforcement officer. Ham is sued in his individual capacity.

9. Defendant Ernest Finney, III, is the elected Solicitor for the Third Circuit, which encompasses Sumter, Lee, Clarendon, and Williamsburg Counties. Finney is sued in his individual capacity. The conduct of Finney as alleged in this Complaint, including his participation in witness interviews, his coordination with law enforcement, and his failure to disclose known exculpatory evidence to any court, are investigative and administrative functions, not advocative functions intimately associated with the judicial phase of the criminal process. Accordingly, Defendant Finney is not entitled to absolute prosecutorial immunity for the conduct alleged in this Complaint.

10. Defendant Mark Creech is an investigator for the Third Circuit Solicitor's Office. His personal residence is unknown. At all times relevant to this action, he was acting under color of law and in the course and scope of his duties as an investigator with the Third Circuit Solicitor's Office. Creech is sued in his individual capacity.

11. The events giving rise to this action primarily took place in Clarendon County, South Carolina.

12. Plaintiff invokes this Court's concurrent jurisdiction to preside over claims arising pursuant to the United States Constitution and federal statutes: specifically, 42 U.S.C. §§ 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution.

13. Venue in Clarendon County is proper.

14. This Court has jurisdiction over the parties and subject matter of this action.

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

## FACTS

15. On May 15, 2010, Edward Gibbons was assaulted, bound with duct tape, and robbed at his home in Clarendon County.

16. Gibbons described three men attacking him in his garage and stealing money from him.

17. Gibbons was unable to identify any of the men who attacked him.

18. As the men were leaving in Gibbons' car, one of the three men saw Gibbons move and got out of the car to assault him again before all three left.

19. Gibbons' car was abandoned a few miles from the crime scene.

20. Defendant Clark and Defendant Ham responded to the crime scene the morning of the robbery.

21. Defendant Clark was the lead investigator from the Clarendon County Sheriff's Office on this case.

22. As of May 20, 2010, there were no suspects in the case.

23. Defendant Clark received a phone tip from an informant about three men spending a lot of money in the Clarendon County area.

24. The informant was angry with Plaintiff Michael Pearson and had an obvious, improper motive to implicate him in the crime.

25. Defendant Clark received information that Plaintiff would be at the family court and described what he would be wearing.

26. Defendant Clark approached Plaintiff at the family court and spoke with him. Plaintiff denied involvement in the case, and Defendant Clark did not arrest him.

27. Around the same time, Gibbons' car was processed, and fingerprints were obtained from the car.

28. The fingerprints were forwarded to Marie Hodge, a fingerprint examiner employed by the Sumter Police Department.

29. Hodge analyzed the fingerprints with the Automated Fingerprint Identification System ("AFIS").

30. AFIS is a computerized database of fingerprints used by law enforcement. It digitizes fingerprint images and stores them in a known database. Using an algorithm, the digital images are converted to a mathematical representation of the stored image. An unknown print can be run through the AFIS system to determine if it matches one of the stored fingerprints.

31. Plaintiff's prints were in the AFIS database of known prints.

32. None of the unknown prints forwarded to Hodge matched any known prints in AFIS, including Plaintiff's prints.

33. Hodge was given the names of persons of interest in the Gibbons robbery and printed out the database prints for the names she received.

34. Hodge visually compared the latent prints from the crime scene to the images she retrieved from AFIS.

35. Hodge's review was done after learning the name of the person law enforcement wanted to match the fingerprint, a practice known to produce false identifications due to cognitive bias and contrary to accepted forensic standards requiring blind analysis.

36. Proper forensic protocol requires fingerprint examiners to conduct analysis blind to the identity of suspects to avoid confirmation bias. Hodge's departure from this protocol rendered her identification unreliable and, upon information and belief, false.

37. Unsurprisingly, Hodge claimed one of the latent prints from the outside of the car matched the right thumbprint of Plaintiff.

38. Based on the fingerprint analysis, Defendant Clark obtained arrest warrants for Plaintiff.

39. Apart from the unreliable fingerprint identification, Defendants had no evidence linking Plaintiff to the Gibbons robbery. The victim could not identify Plaintiff. No physical evidence connected Plaintiff to the crime scene. Plaintiff had an alibi. The confidential informant who implicated Plaintiff had an obvious motive to lie.

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

Defendant Clark himself admitted he did not believe Plaintiff was involved.

40. Defendant Ham directed Plaintiff to be taken to jail.

41. Both Defendant Clark and Defendant Ham were informed that Plaintiff had an alibi by both Plaintiff and members of Plaintiff's family who verified his alibi.

42. Plaintiff's alibi information was ignored.

43. Around the time of the arrest, Defendant Clark received a tip that Loretta Green had information about the crime.

44. Defendant Clark met with Green, who told him James Clark had admitted to committing the crime against Gibbons with some others. She did not implicate Plaintiff in the crime.

45. Around June 23, 2010, Defendant Clark learned the State Law Enforcement Division ("SLED") received a DNA hit on a man named Victor Weldon from testing of the duct tape removed from the victim.

46. Defendant Clark arrested Weldon for the Gibbons robbery.

47. Weldon denied involvement in the robbery.

48. Plaintiff and Weldon were tried jointly in the Clarendon County Court of General Sessions in a jury trial beginning May 14, 2012.

49. On May 18, 2012, Plaintiff and Weldon were both convicted, and both received 60 years in prison. Based on Plaintiff's age and the parole ineligibility of the charges for which he was convicted, this was a de facto life sentence.

50. Plaintiff filed a direct appeal from his conviction, and on July 30, 2014, the South Carolina Court of Appeals reversed his conviction.

51. The Court of Appeals noted that the key evidence against Plaintiff was fingerprint evidence. The Court held the fingerprint evidence was circumstantial and only tied Plaintiff to a stolen vehicle without any other evidence showing when or how the fingerprint ended up on the vehicle. Based on this evidence and the lack of additional incriminating evidence, the jury could only have guessed at Plaintiff's involvement in the crime.

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

52. On March 23, 2016, the Supreme Court of South Carolina reversed the Court of Appeals and reinstated Plaintiff's conviction.

53. The Supreme Court cited five pieces of evidence it claimed supported its decision: (1) the fingerprint evidence, (2) Plaintiff's denial he knew the victim or where he lived and that he had ever come into contact with the vehicle, (3) the victim's testimony that one of his attackers had jumped out of the back of his car to assault him again, (4) Plaintiff and co-defendant Weldon were in the same vocational rehabilitation program for 4 days[1], and 5) DNA evidence implicated Weldon.

54. On May 27, 2016, Plaintiff filed a post-conviction relief ("PCR") application raising a claim of ineffective assistance of counsel against his trial counsel.

55. A PCR hearing was held on July 24, 2018. Plaintiff amended his claims for relief at the beginning of the hearing, adding that he had received new evidence that law enforcement possessed at the time of trial and never turned over.

56. The new evidence at the 2018 PCR hearing was information that, after Plaintiff's conviction, Weldon told law enforcement he did not know Plaintiff.

57. The PCR Court denied relief and dismissed the PCR application on November 20, 2018.

58. Victor Weldon, Plaintiff's co-defendant, also filed a PCR application alleging ineffective assistance of counsel. Although the PCR Court denied Weldon's petition, the South Carolina Court of Appeals reversed the PCR Court's decision and remanded Weldon's case for a new trial on October 6, 2021.

59. Weldon's case was returned to Clarendon County for prosecution by the Defendant Clarendon County Solicitor's Office. The elected Solicitor for the Third Circuit, Defendant Finney, handled the remanded prosecution of Weldon.

60. On or about January 20, 2023, Defendant Finney wrote a letter to Weldon's defense counsel offering a plea deal in exchange for Weldon revealing the names

---

[1] There is no evidence that Plaintiff and Weldon ever crossed paths during those 4 days.

of the people involved in Gibbons' robbery.

61. Defendant Finney personally participated in the investigation of Weldon's case, including attending or directing witness interviews and coordinating with Defendants Clark and Creech regarding investigative findings.

62. On March 2, 2023, Weldon gave a statement that Plaintiff was not involved in the robbery and named the three individuals who were. Defendants Clark and Creech were present when this statement was made.

63. On March 15, 2023, Defendants Clark and Creech presented a photo lineup to Weldon during which he identified one of the actual perpetrators.

64. On April 20, 2023, Defendants Clark and Creech presented another photo lineup to Weldon during which he identified another one of the actual perpetrators. Weldon again gave a detailed statement of the crime, named the individuals involved, and stated that Plaintiff was not involved. Defendant Finney was present for the meeting.

65. On April 28, 2023, Weldon was polygraphed and gave a statement at the Sumter Law Enforcement Center.

66. At the April 28, 2023, meeting, Weldon again admitted his involvement in the robbery and detailed the events of the robbery and the people who were involved.

67. Weldon stated that Plaintiff Michael Pearson was not involved in the robbery in any way.

68. Weldon's polygraph revealed he was not deceptive when he stated Plaintiff was not involved in the crime.

69. Weldon had no incentive to lie during this meeting, as he had entered an agreement with Defendant Solicitor's Office that nothing he said could be used against him in any other prosecution.

70. Defendant Finney handled a guilty plea hearing on June 20, 2023, in which Weldon pled guilty to an 18-year sentence pursuant to a plea agreement. This was a significant reduction from his original sentence and was agreed to by Defendant

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

Finney and Defendant Solicitor's Office.

71. On June 22, 2023, Defendant Creech emailed a SLED agent to let her know that Weldon had accepted a plea deal, had admitted to his involvement in the crime, and named two others involved in the crime.[2]

72. Most importantly, Defendant Creech stated in his email that Weldon had passed a polygraph and specifically stated Plaintiff was not with them during the crime.

73. On July 27, 2023, Plaintiff met with Defendants Creech and Clark and was told about the new evidence regarding Weldon.

74. Plaintiff maintained his innocence, as he had since his initial contact with Defendant Clark years before.

75. On or about July 9, 2023, while investigators and the Defendant Solicitor's Office were on notice that Plaintiff was innocent of his conviction, Plaintiff filed a petition for habeas corpus relief in the United States District Court. The district court denied the petition on August 27, 2024.

76. On October 3, 2023, Defendant Creech contacted the South Carolina Department of Corrections Office of Inspector General and asked them to contact Plaintiff about taking a polygraph in reference to his case.

77. On October 12, 2023, the Office of Inspector General contacted Defendant Creech and informed him that Plaintiff was "absolutely [] willing to take a polygraph."

78. On November 2, 2023, Plaintiff took a polygraph test at SLED and denied he was involved in the crime against Gibbons. No deception was indicated.

79. On March 6, 2024, Defendant Clark verified Plaintiff's alibi for the morning of the Gibbons robbery. The information that verified this alibi was the exact same information available to, and ignored by, law enforcement years before.

80. On June 7, 2024, Plaintiff filed a PCR Application claiming his innocence and

---

[2] Although Weldon gave the names of three individuals who were part of the crimes, he only knew the nickname for one of them so a lineup could not be conducted.

-9-

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

included information about Weldon's confession and his implication of others.

81. On January 23, 2025, the North Carolina Center for Actual Innocence ("the Center") sent a Freedom of Information Act request to Defendant Clarendon County Sheriff's Office ("Defendant Sheriff's Office") asking for records of physical evidence relating to Plaintiff's case.[3]

82. On January 31, 2025, Defendant Finney sent a letter to the Center stating he was investigating a new suspect, acknowledging "...another individual may have planned and assisted with the home invasion that led to Pearson's conviction," and stating he may be able "...to file a motion [on] behalf of Mr. Pearson to have his sentence reduced substantially." The letter also asked for an additional 60 days to respond to the request, stated an hourly rate for responding to the records request, and requested a deposit for ten hours of production costs.

83. Plaintiff received no response or action from any of the Defendants, despite the fact that the Solicitor and the Sheriff's Office were aware of his innocence for at least two years.

84. On March 13, 2025, Leonard Smith, one of the individuals named by Weldon, gave a statement to Defendants Clark and Creech implicating himself, Weldon, and two others, but not Plaintiff, in the robbery and attack of the victim.

85. On June 2, 2025, the Center filed a Notice of Representation of Plaintiff.

86. On June 11, 2025, Plaintiff's attorneys emailed Defendant Finney and informed him that they would be pursuing relief for Plaintiff.

87. On June 13, 2025, Defendant Finney left a message for Plaintiff's attorneys stating that a hearing would be scheduled in Plaintiff's case for July 14 or 16, 2025, in Clarendon County.

88. During a phone call with the Center on June 18, 2025, Defendant Finney

---

[3] Plaintiff applied to the Center in May 2023, and the Center obtained a statement from Weldon as part of its investigation.

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

acknowledged Plaintiff's innocence, said he would be the moving party to effect Plaintiff's release, and asked the Center to draft a motion vacating Plaintiff's conviction.

89. On June 19, 2025, the Center sent a proposed motion to Defendant Finney.

90. On June 20, 2025, Center attorneys sent a draft consent order for Plaintiff's release from prison.

91. On June 25, 2025, after Defendant Finney did not respond to emails with the proposed filings, Plaintiff's attorneys informed Defendant Finney they were available for the July 14, 2025, hearing but also asked him to consider the draft order so that Plaintiff, an innocent man serving time for a crime he did not commit, could be released sooner.

92. On June 26, 2025, Defendant Finney called Plaintiff's attorneys and told them Plaintiff needed to agree to never return to Clarendon County and waive all civil claims related to his wrongful conviction, or Finney would not cooperate in releasing Plaintiff from prison.

93. On June 28, 2025, Plaintiff filed an amended PCR application reflecting the untenable demands Defendant Finney made despite his knowledge that Pearson was innocent.

94. On July 2, 2025, Defendant Finney left a voicemail for Defendant Clark informing him that the hearing would be cancelled and that he was going to "let them fight it out in court."

95. On July 11, 2025, Defendant Finney contacted Plaintiff's attorneys and informed them that he would contact Defendant Attorney General's Office and inform them of his position, including cancelling the July hearing and forcing Plaintiff to wait for a PCR hearing scheduled by Defendant Attorney General's Office.

96. On July 24, 2025, Defendant Finney wrote to Defendant Attorney General's Office and admitted that Plaintiff was innocent. He also claimed that the conditions that Plaintiff not return to Clarendon County and waive his civil claims were merely

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

requests. However, this is inconsistent with his cancelling the hearing and stopping his cooperation with Plaintiff's attorney to get Plaintiff out of prison.

97.    During this same time, Defendant Attorney General's Office was actively fighting Pearson's release, ignoring and discounting the evidence of his innocence, arguing it did not need to accept the investigation by Clarendon County or Defendant Finney's recognition of Plaintiff's innocence, and otherwise keeping Pearson in prison for a crime he did not commit.

98.    Defendant South Carolina Attorney General's Office's conduct went beyond legitimate adversarial litigation. Despite being informed by Defendant Finney, who had firsthand knowledge of the investigation, that Plaintiff was innocent, Defendant Attorney General's Office made no independent inquiry into Plaintiff's innocence and instead actively opposed his release based solely on procedural arguments unrelated to the merits of his innocence claim.

99.    Defendant South Carolina Attorney General's Office had a duty, independent of its adversarial role, not to actively obstruct the release of a person it knew or should have known was innocent.

100.    On August 28, 2025, after serving over 15 years in prison for a crime he did not commit, Plaintiff's convictions were vacated, he was granted a new trial, and he was released on a personal recognizance bond.

101.    On September 8, 2025, all charges against Plaintiff were nolle prossed.

## CAUSES OF ACTION

### Pretrial Claims

#### Claim 1: Malicious Prosecution against Defendants Clarendon County and Clarendon County Sheriff's Office

102.    Defendants Clarendon County and Clarendon County Sheriff's Office are liable for the actions of their employees or agents during the course and scope of their employment.

103.    Criminal proceedings against the Plaintiff were instituted at the direction of

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

Defendant Clarendon County and Defendant Clarendon County Sheriff's Office.

104.  The criminal proceedings were terminated in Plaintiff's favor when the charges were dismissed based on his innocence.

105.  Defendants lacked probable cause to accuse Plaintiff of the charged crimes.

106.  The lack of probable cause to support Defendants' accusations against Plaintiff, implied the existence of malice in the accusation.

107.  Plaintiff suffered damages, including but not limited to embarrassment, humiliation, mental anguish, loss of standing in the community, the cost and inconvenience of fighting this false charge, the health issues directly related to serving a prison sentence he should not have served, and the many years in prison for a crime he did not commit.

108.  Plaintiff is entitled to an award of actual damages as a result of this malicious prosecution.

### Claim 2: False Imprisonment against Defendants Clarendon County and Clarendon County Sheriff's Office

109.  Defendants Clarendon County and Clarendon County Sheriff's Office are liable for the actions of their employees or agents during the course and scope of their employment.

110.  One or more employees of Defendants intentionally and unlawfully restrained the Plaintiff by seeking an arrest warrant for Plaintiff and causing him to be arrested.

111.  Plaintiff did not violate any law.

112.  The restraint upon Plaintiff was unlawful.

113.  Defendants' actions were the direct and proximate cause of Plaintiff's deprivation of liberty, physical harm, and emotional harm, including but not limited to stress, embarrassment, fear, health issues developed as a result of confinement and years in prison for a crime he did not commit.

-13-

## Claim 3: Negligent Training and Supervision against Defendants Clarendon County and Clarendon County Sheriff's Office

114. Defendants Clarendon County and Clarendon County Sheriff's Office owed Plaintiff a duty to exercise reasonable care in the training and supervision of its employees.

115. Defendants breached their duty to Plaintiff in failing to properly train or supervise its employees, including but not limited to the following:

   a. Failure to properly investigate employees' backgrounds.

   b. Failure to properly determine whether employees were fit for their job.

   c. Failure to properly train employees to perform their duties.

   d. Failure to ensure employees were exercising their duties in a diligent, proper, and reasonable manner.

   e. Each instance of Defendants' breach as described was related to and contributed to Plaintiff's wrongful conviction.

116. Defendants' breach of duty as described above was the direct and proximate cause of injury to the Plaintiff.

117. Plaintiff is entitled to all actual damages proximately caused by this breach of duty.

## Claim 4: Negligence and Gross Negligence against Defendants Clarendon County and Clarendon County Sheriff's Office

118. Defendants Clarendon County and Clarendon County Sheriff's Office, and their agents and employees, owe a duty to members of the public, and specifically to Plaintiff, to exercise care in making accusations against potential defendants and seeking warrants against those potential defendants.

119. Defendants, through their law enforcement agents, failed to take the slightest care in seeking a warrant against Plaintiff and specifically sought a warrant in the face of evidence that there was no probable cause for such a warrant.

120. This breach of duty of care caused damages to the Plaintiff as previously described, and he is entitled to all actual damages caused by this breach.

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

**Claim 5: Negligence and Gross Negligence against Defendant City of Sumter**

121. Defendant City of Sumter, through its agents, including fingerprint examiners, owed a duty to members of the public, and specifically to Plaintiff, to exercise care in reviewing forensic evidence, including latent print evidence.

122. Defendant failed to take the slightest care in analyzing the fingerprint evidence, including but not limited to failing to follow proper procedure in analyzing the prints to ensure there was not a false match.

123. This breach of duty of care caused damages to the Plaintiff as previously described, and he is entitled to all actual damages caused by this breach.

**Claim 6: Negligent Training and Supervision against Defendant City of Sumter**

124. Defendant City of Sumter owed Plaintiff a duty to exercise reasonable care in the training and supervision of its employees.

125. Defendants breached their duty to Plaintiff in failing to properly train or supervise its employees, including but not limited to the following:

    a. Failure to properly investigate employees' backgrounds.

    b. Failure to properly determine whether employees were fit for their job.

    c. Failure to properly train employees to perform their duties.

    d. Failure to ensure employees were exercising their duties in a diligent, proper, and reasonable manner.

    e. Each instance of Defendants' breach as described was related to and contributed to Plaintiff's wrongful conviction.

126. Defendants' breach of duty as described above was the direct and proximate cause of injury to the Plaintiff.

127. Plaintiff is entitled to all actual damages proximately caused by this breach of duty.

**Claim 7: 42 U.S.C. § 1983 claim for violation of the Fourth and Fourteenth**

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

**Amendments against Defendants Clark and Ham**

128. Defendants Clark and Ham are sued in their individual capacity.

129. Defendants initiated a false arrest and baseless criminal prosecution against the Plaintiff.

130. Defendants were acting under color of law when initiating and maintaining the false arrests and baseless criminal prosecutions against Plaintiff.

131. The Fourth Amendment to the United States Constitution guarantees all citizens, including Plaintiff, the right to be free from unlawful seizure.

132. The Fourteenth Amendment to the United States Constitution guarantees no State shall deprive a citizen of liberty without due process of law.

133. Defendants unlawfully caused the arrest of Plaintiff without probable cause.

134. Defendants unlawfully initiated and maintained prosecution against the Plaintiff without probable cause.

135. Defendants' false arrest and malicious prosecution of Plaintiff violated his Fourth and Fourteenth Amendment rights.

136. Defendants' actions caused the wrongful conviction and incarceration of Plaintiff.

137. Plaintiff is entitled to all actual damages resulting from his arrest and prosecution.

138. Plaintiff is entitled to punitive damages for the reckless, willful, and wanton conduct of Defendants.

## Post-Conviction Claims

### Claim 8: False Imprisonment against Defendants Clarendon County and Clarendon County Sheriff's Office

139. Plaintiff was detained in prison after multiple governmental parties, including the Defendants Clarendon County and Clarendon County Sheriff's Office, were aware he was no longer guilty of the charges for which he was serving time in prison.

140. The incarceration of Plaintiff after Defendants became aware he did not commit the crimes for which he was in prison was both intentional and unlawful.

141. Defendants' actions were the direct and proximate cause of Plaintiff's deprivation

of liberty, physical harm, and emotional harm, including but not limited to stress, embarrassment, fear, health issues developed because of confinement and years in prison for a crime he did not commit.

**Claim 9: False Imprisonment against Defendant Third Circuit Solicitor's Office**

142. Plaintiff was detained in prison after multiple governmental parties, including the Defendant Third Circuit Solicitor's Office, were aware he was no longer guilty of the charges for which he was serving prison time.

143. The incarceration of Plaintiff after Defendant became aware he did not commit the crimes for which he was in prison was both intentional and unlawful.

144. Defendant's actions were the direct and proximate cause of Plaintiff's deprivation of liberty, physical harm, and emotional harm, including but not limited to stress, embarrassment, fear, health issues developed as a result of confinement and years in prison for a crime he did not commit.

**Claim 10: False Imprisonment against Defendant South Carolina Attorney General's Office**

145. Plaintiff was detained in prison after multiple governmental parties, including the Defendant South Carolina Attorney General's Office, were aware he was no longer guilty of the charges for which he was serving prison time.

146. The incarceration of Plaintiff after Defendants became aware he did not commit the crimes for which he was in prison was both intentional and unlawful.

147. Defendants' actions were the direct and proximate cause of Plaintiff's deprivation of liberty, physical harm, and emotional harm, including but not limited to stress, embarrassment, fear, health issues developed because of confinement and years in prison for a crime he did not commit.

**Claim 11: Negligence and Gross Negligence against Defendants Clarendon County and Clarendon County Sheriff's Office**

148. Defendants Clarendon County and Clarendon County Sheriff's Office had a duty not to allow Plaintiff to remain in prison for a crime he did not commit after

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

receiving evidence that he was innocent of the charges for which he was serving prison time.

149. Defendants found out that Plaintiff did not commit the crime for which he was convicted and sent to prison.

150. Defendants took no action for years after learning Plaintiff was innocent of the crime for which he was serving prison time.

151. Defendants breached their duty to Plaintiff by failing to take any action to secure Plaintiff's release after learning he was innocent.

152. Defendants' breach of duty to Plaintiff was the proximate cause of damage to Plaintiff, and he is entitled to actual damages as authorized by law.

## Claim 12: Negligence and Gross Negligence against Defendant Third Circuit Solicitor's Office

153. Defendant Third Circuit Solicitor's Office had a duty not to allow Plaintiff to sit in prison for a crime he did not commit after receiving evidence that he was innocent of the charges for which he was serving prison time.

154. Defendant found out that Plaintiff did not commit the crime for which he was convicted and sent to prison.

155. Defendant took no action for years after learning Plaintiff was innocent of the crime for which he was serving prison time.

156. Defendant breached its duty to Plaintiff by failing to take any action to secure Plaintiff's release after learning he was innocent.

157. Defendant's breach of duty to Plaintiff was the proximate cause of damage to Plaintiff, and he is entitled to actual damages as authorized by law.

## Claim 13: Negligence and Gross Negligence against Defendant South Carolina Attorney General's Office

158. Defendant South Carolina Attorney General's Office had a duty not to allow Plaintiff to sit in prison for a crime he did not commit after receiving evidence that

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

he was innocent of the charges for which he was serving prison time.

159. Defendant found out that Plaintiff did not commit the crime for which he was convicted and sent to prison.

160. Defendant took no action for years after learning Plaintiff was innocent of the crime for which he was serving prison time.

161. Defendant breached its duty to Plaintiff by failing to take any action to secure Plaintiff's release after learning he was innocent.

162. Defendant's breach of duty to Plaintiff was the proximate cause of damage to Plaintiff, and he is entitled to actual damages as authorized by law.

### Claim 14: 42 U.S.C. § 1983 Fourteenth Amendment Due Process Claim for Failure to Act on Evidence of Innocence against Defendant Ernest Finney, III

163. Plaintiff had a state-created right to evidence of his innocence discovered post-conviction, and the accompanying right to present that evidence to the Courts.

164. Plaintiff had a due process right to obtain and use evidence of his innocence in the court system.

165. Defendant had a duty to disclose evidence of Plaintiff's innocence and ensure Plaintiff was not in prison for a crime he did not commit.

166. Defendant Finney's intent to obstruct Plaintiff's access to evidence of his innocence is demonstrated by his demand that Plaintiff waive all civil claims and agree never to return to Clarendon County as a condition of his cooperation in securing Plaintiff's release.

167. These demands served no legitimate prosecutorial purpose and were designed solely to benefit Defendant Finney personally by avoiding civil liability for his actions.

168. Despite admitting Plaintiff's innocence on multiple occasions, Defendant Finney took no action to inform any court of this fact until July 24, 2025, and only after cancelling a hearing that could have resulted in Plaintiff's earlier release.

169. Defendant failed to disclose the information he had regarding Plaintiff's innocence

to any Court or use the information in any way to secure Plaintiff's release from a sentence for a crime which he did not commit, in violation of Plaintiff's due process rights as secured by the United States Constitution.

170. Defendant's actions were the cause of Plaintiff wrongfully remaining in prison.

171. Plaintiff is entitled to all actual damages resulting from this failure to act on information or disclose information that Plaintiff was innocent of the crime for which he was serving time.

172. Plaintiff is entitled to punitive damages for the reckless, willful, and wanton conduct of Defendants.

## Claim 15: 42 U.S.C. § 1983 Fourteenth Amendment Due Process Claim for Failure to Act on Evidence of Innocence against Defendant Kenneth Clark

173. Plaintiff had a state-created right to evidence of his innocence discovered post-conviction, and the accompanying right to present that evidence to the Courts.

174. Plaintiff had a due process right to obtain and use evidence of his innocence in the court system.

175. Defendant had a duty to disclose evidence of Plaintiff's innocence and ensure Plaintiff was not in prison for a crime he did not commit.

176. Defendant's knowledge of Plaintiff's innocence is demonstrated by his own verification of Plaintiff's alibi on March 6, 2024, using the same information that had been available to and ignored by law enforcement since Plaintiff's arrest in 2010.

177. Despite verifying Plaintiff's alibi and being present when Weldon exculpated Plaintiff, Defendant Clark took no action to inform a court or anyone else of this information for more than seventeen months.

178. Defendant failed to disclose the information he had regarding Plaintiff's innocence to any Court or use the information in any way to secure Plaintiff's release from a sentence for a crime which he did not commit, in violation of Plaintiff's due process rights as secured by the United States Constitution.

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

179. Defendant's actions were the cause of Plaintiff wrongfully remaining in prison.

180. Plaintiff is entitled to all actual damages resulting from this failure to act on information or disclose information that Plaintiff was innocent of the crime for which he was serving time.

181. Plaintiff is entitled to punitive damages for the reckless, willful, and wanton conduct of Defendants.

**Claim 16: 42 U.S.C. § 1983 Fourteenth Amendment Due Process Claim for Failure to Act on Evidence of Innocence against Defendant Mark Creech**

182. Plaintiff had a state-created right to evidence of his innocence discovered post-conviction, and the accompanying right to present that evidence to the Courts.

183. Plaintiff had a due process right to obtain and use evidence of his innocence in the court system.

184. Defendant had a duty to disclose evidence of Plaintiff's innocence and ensure Plaintiff was not in prison for a crime he did not commit.

185. Defendant Creech's knowledge of Plaintiff's innocence and intent not to disclose it is demonstrated by his June 22, 2023, email to SLED stating Weldon had "passed a polygraph" and "specifically stated [Plaintiff] was not with them during the crime," yet Defendant Creech took no steps to ensure this information was provided to any court or Plaintiff or his counsel.

186. Defendant failed to disclose the information he had regarding Plaintiff's innocence to any Court or use the information in any way to secure Plaintiff's release from a sentence for a crime which he did not commit, in violation of Plaintiff's due process rights as secured by the United States Constitution.

187. Defendant's actions were the cause of Plaintiff wrongfully remaining in prison.

188. Plaintiff is entitled to all actual damages resulting from this failure to act on information or disclose information that Plaintiff was innocent of the crime for which he was serving time.

189. Plaintiff is entitled to punitive damages for the reckless, willful, and wanton

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

conduct of Defendants.

### Claim 17: *Monell* liability against Defendant Clarendon County for Failure to Maintain Policies and Failure to Train, Supervise, and Discipline Officers

190. Defendant Clarendon County, through the acts of a final policymaker, was deliberately indifferent to the need for policies and procedures for law enforcement officers to properly correct the injustice of an innocent person being arrested, convicted, and sentenced wrongfully.

191. Defendant Clarendon County, through the acts of a final policymaker, was deliberately indifferent in maintaining a policy, custom, or pattern and practice of failing to properly train law enforcement officers in how to handle new evidence of a person's innocence and how to conform to law enforcement's constitutional obligations regarding the disclosure of evidence.

192. It would have been plainly obvious to a reasonable policymaker that failing to enact and maintain official policies and procedures and failing to adequately train, supervise, and discipline Clarendon County law enforcement officers in connection with constitutional obligations regarding evidence would lead to the deprivation of individuals' constitutional rights.

193. Solicitor Ernest Finney, III, before and during the events described in this Complaint, was a final policymaker for Clarendon County over all investigative activities and evidence matters within Clarendon County.

194. Under South Carolina law, the Circuit Solicitor has exclusive authority over criminal prosecutions in the circuit and is not subject to the supervision or control of any county official in the exercise of prosecutorial and investigative functions.

195. Clarendon County has no policy, procedure, or protocol governing how law enforcement officers or the Solicitor's Office should handle newly discovered evidence of a convicted defendant's innocence.

196. Clarendon County has no policy requiring disclosure of post-conviction exculpatory evidence to courts, defense counsel, or convicted individuals.

197. The acts and omissions of Defendant Finney during the described time constituted a policy, custom, or pattern and practice of Clarendon County.

198. Defendant Finney knew or should have known that there had been and was a failure to train law enforcement officers in how to handle new evidence of a convicted defendant's innocence.

199. The absence of any policy or training regarding post-conviction innocence evidence created a predictable risk that innocent individuals would remain incarcerated after evidence of their innocence became known to law enforcement and prosecutors. This risk was so obvious that the failure to adopt such policies constitutes deliberate indifference to constitutional rights.

200. The policies, customs, patterns, and practices, and failure to enact procedures by Clarendon County were the proximate cause of Plaintiff's wrongful imprisonment.

201. Failure to adequately train officers and a proper policy for the handling and reporting of new evidence were the moving forces behind the denial of Plaintiff's constitutional rights as described in this Complaint.

202. Even without a pattern of activity, Defendant Finney was a final policymaker for Clarendon County and made a calculated choice to follow an unconstitutional course of action when he allowed, condoned, and ratified the concealment of exculpatory evidence from Plaintiff and the failure to take any action after receiving credible evidence of Plaintiff's innocence.

203. Defendant Clarendon County is liable for the deprivation of Plaintiff's constitutional rights caused by the actions described above.

204. Based on the conduct of Defendant Clarendon County as described above, the Plaintiff is entitled to all actual, punitive, and other damages resulting from this deprivation of his constitutional rights.

### PRAYER FOR RELIEF

Having fully pled his causes of action against the Defendants, the Plaintiff asserts his right to a jury trial pursuant to the Seventh Amendment to the United States

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

Constitution, requests the Court enter judgment against the Defendants, and award the following relief:

    a.  Actual damages;

    b.  Punitive damages against Defendants subject to such damages by law;

    c.  All costs and attorneys' fees recoverable under any state law, federal law, or other authority;

    d.  Any other damages available and authorized by any state law, federal law, or other authority; and

    e.  Any other relief this Court deems just and proper.

Respectfully Submitted,

**s/ Joshua Snow Kendrick**
Joshua Snow Kendrick (SC ID 70453)
KENDRICK & LEONARD, P.C.
7 Mills Avenue (29605)
P.O. Box 6938
Greenville, SC 29606
Tel: (864) 760-4000
Josh@KendrickLeonard.com

Christopher S. Leonard (SC ID 80166)
KENDRICK & LEONARD, P.C.
1516 Richland Street (29201)
P.O. Box 886
Columbia, SC 29202
Tel: (803) 667-3186
Chris@KendrickLeonard.com

January 30, 2026
Greenville, South Carolina

ELECTRONICALLY FILED - 2026 Jan 30 3:46 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

ELECTRONICALLY FILED - 2026 Mar 12 12:11 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CLARENDON | ) | THIRD JUDICIAL CIRCUIT |
| | ) | |
| Michael Pearson, | ) | CIVIL ACTION NO.:  2026-CP-14-00057 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT SOUTH CAROLINA** |
| | ) | **ATTORNEY GENERAL'S OFFICE'S** |
| Clarendon County; Third Circuit | ) | **MOTION TO DISMISS IN LIEU OF** |
| Solicitor's Office; Clarendon County | ) | **ANSWER** |
| Sheriff's Office; City of Sumter; South | ) | |
| Carolina Attorney General's Office; | ) | |
| Kenneth Clark; Thomas Ham; Ernest | ) | |
| Finney, III; Mark Creech, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

NOW COMES Defendant South Carolina Attorney General's Office (hereinafter referenced as "SCAG"), by and through its undersigned counsel, who hereby brings the present Motion pursuant to 12(b)(6) of the South Carolina Rules of Civil Procedure for an order dismissing it from this case. This Motion is being filed in lieu of an Answer in accordance with the South Carolina Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

Plaintiff filed this action on January 30, 2026. In his Complaint, Plaintiff alleges that he was arrested by the Clarendon County Sheriff's Office in relation to an assault and robbery that was committed in Clarendon County on May 15, 2010. He alleges that his charges went to jury trial in Clarendon County on May 14, 2012, he was convicted on May 18, 2012, and he was subsequently sentenced to 60 years in prison. While his conviction was reversed by the Court of Appeals on July 30, 2014, the Court of Appeals' decision was reversed by the Supreme Court on March 23, 2016, and Plaintiff's conviction was reinstated. Plaintiff's subsequent PCR application was dismissed on

November 20, 2018. Plaintiff filed a petition for habeas corpus relief in the United States District Court which was denied on August 27, 2024.

Plaintiff filed an amended PCR application on June 28, 2025. According to Plaintiff, Defendant Ernest Finney, the Solicitor handling Plaintiff's case, "wrote to Defendant SCAG and admitted that Plaintiff was innocent" on July 24, 2025. Plaintiff alleges that Defendant SCAG "opposed his release based solely on procedural arguments." On September 8, 2025, Plaintiff's charges were "nolle prossed."

In his Complaint, Plaintiff alleges two claims against Defendant SCAG under a section titled "Post Conviction Claims." Plaintiff's tenth and thirteenth causes of action assert false imprisonment and negligence/gross negligence claims, respectively, against this Defendant. For the reasons set forth below, Defendant SCAG respectfully requests that Plaintiff's claims against it be dismissed.

## ARGUMENT

### I.    PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT SCAG.

#### A.    False Imprisonment

To succeed on a false arrest claim, a plaintiff must prove that the defendant intentionally and unlawfully restrained him. Roberts v. City of Forest Acres, 902 F. Supp. 662, 671 (D.S.C. 1995) citing Caldwell v. K-Mart Corp., 306 S.C. 27, 410 S.E.2d 21, 23 (App. 1991). In this case, Plaintiff does not allege that Defendant SCAG arrested him. Plaintiff does not allege that this Defendant was in any way involved in his detention, prosecution, or subsequent incarceration. Rather, at all times relevant to his claims against this Defendant, Plaintiff was a convicted and sentenced state prisoner. Further, Plaintiff does not allege that Defendant SCAG personally interacted with him whatsoever. According to Plaintiff's own allegations, this Defendant was not

ELECTRONICALLY FILED - 2026 Mar 12 12:11 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

at all responsible for restraining him. Plaintiff therefore cannot maintain a false imprisonment claim against Defendant SCAG.

      B.      Negligence/Gross Negligence

Plaintiff alleges that Defendant SCAG "had a duty not to allow Plaintiff to sit in prison for a crime he did not commit" and "breached its duty to Plaintiff by failing to take any action to secure Plaintiff's release." "In a negligence action, a plaintiff must show that (1) the defendant owes a duty of care to the plaintiff, (2) the defendant breached the duty by a negligent act or omission, (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered an injury or damages." Steinke v. S.C. Dept. of Labor, Licensing and Regulation, 336 S.C. 373, 387, 520 S.E.2d 142, 149 (1999).

Plaintiff's negligence/gross negligence cause of action against this Defendant fails at the first element of this claim. "An essential element in a negligence cause of action is the existence of a legal duty owed by the defendant to the plaintiff. Without such a duty, there can be no actionable negligence." Wyatt v. Fowler, 484 S.E.2d 590, 592 (S.C. 1997). "A plaintiff alleging negligence on the part of a governmental actor or entity may rely either upon a duty created by statute or one founded on the common law." Edwards v. Lexington Cnty. Sheriff's Dep't, 688 S.E.2d 125, 128 (S.C. 2010). "The court must determine, as a matter of law, whether the law recognizes a particular duty." Steinke, 336 S.C. 373, 387, 520 S.E.2d at 149. "When the duty is founded on the common law, [courts] refer to this as a legal duty arising from special circumstances." Newkirk v. Enzor, 240 F. Supp. 3d 426, 437-38 (D.S.C. 2017) (citation and internal marks omitted).

In this case, Plaintiff fails to allege either a statutory or common law duty to support his negligence claim against Defendant SCAG. The facts contained in the Complaint also fail to

ELECTRONICALLY FILED - 2026 Mar 12 12:11 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

constitute a duty arising from special circumstances. See id. at 438 (finding an officer's roadside traffic stop and placing the plaintiff *under his control* created a duty "to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation"); see also Cowley v. Spivey, 285 S.C. 397, 329 S.E.2d 774, 780 (1985) ("[O]ne who assumes to act, even though under no obligation to do so, may become subject to the duty to act with due care."). Plaintiff does not allege that he was ever under this Defendant's control or that this Defendant "assumed to act." Plaintiff bases his negligence/gross negligence claim on this Defendant's *inaction*, but Plaintiff's allegations show that this Defendant was wholly disconnected from his arrest, prosecution and incarceration.

Even assuming that Defendant SCAG owed a duty to Plaintiff, Plaintiff was, at all times relevant to this claims against Defendant SCAG, a convicted and sentenced state prisoner. The court had not vacated Plaintiff's criminal convictions or otherwise afforded him any relief that would have entitled to him to release from custody. Plaintiff therefore cannot show that Defendant SCAG breached any alleged duty owed to him.

In sum, because (1) Plaintiff does not allege any statutory authority or facts that would create a special circumstance and (2) Plaintiff does not allege facts under which Defendant SCAG breached any alleged duty owed to him, he has failed to state a negligence/gross negligence claim against this Defendant.

## II.     DEFENDANT SCAG IS ENTITLED TO ABSOLUTE IMMUNITY.

The South Carolina Tort Claims Act is "the exclusive remedy for any tort committed by an employee of a governmental entity." S.C. Code Ann. § 15-78-70(a). As relevant here, the Act provides that a governmental entity is not liable for a loss resulting from the "institution or

ELECTRONICALLY FILED - 2026 Mar 12 12:11 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

prosecution of any judicial or administrative proceeding" or "judicial[] or quasi-judicial action or inaction." S.C. Code Ann. § 15-78-60 (1), (23).

To the extent that the court finds that Plaintiff states a claim for relief against this Defendant, Defendant SCAG is absolutely immune from Plaintiff's claims based on the allegations in his Complaint. The South Carolina Court of Appeals has confirmed that "a prosecutor, in his official capacity, is immune from a Tort Claims Act suit involving 'judicial' or 'quasi-judicial' acts." Williams v. Condon, 347 S.C. 227, 250, 553 S.E.2d 496, 508 (Ct. App. 2001). "[A] prosecutor's typical duties are 'judicial' or 'quasi-judicial' in nature." Id. Consequently, "a prosecutor in the employ of the state is absolutely immune from personal liability under [ ] the Tort Claims Act for actions relating to the prosecution of an individual as a criminal defendant." Id. at 250, 553 S.E.2d at 509.

Courts in this state that have analyzed prosecutorial immunity have specifically found that this immunity covers "legal positions [the prosecutor] took in [a] PCR case." Wilder v. Brooks, No. C/A 3:08-3089-MBS, 2009 WL 291065, at *4–5 (D.S.C. Feb. 4, 2009). The court in Wilder specifically recognized that it is within a prosecutor's responsibilities in PCR cases to "urge the PCR judge to uphold the criminal sentence under attack" and retain absolute immunity while performing those duties. Id. ("In South Carolina, the state's Attorney General's office supplies attorneys who represent the State in all PCR actions. Such attorneys serve as prosecutors because they represent the State and urge the PCR judge to uphold the criminal sentence under attack. State prosecutors have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to ancillary civil proceedings such as PCR actions.").

ELECTRONICALLY FILED - 2026 Mar 12 12:11 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

ELECTRONICALLY FILED - 2026 Mar 12 12:11 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

In this case, Plaintiff does not allege that Defendant SCAG's opposition to his release in his second PCR action was unsupported. He specifically alleges, rather, that this Defendant "opposed his release based solely on *procedural arguments*." Whether Defendant SCAG's arguments were procedural or legal, the court observed in <u>Wilder</u> that "it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about 'whether and when to prosecute' and whether or not to go forward with a prosecution." <u>Id.</u> (internal citations omitted). Plaintiff's claims about this Defendant's opposition to his release are "clearly prosecutorial decisions about when to prosecute and whether to even go forward with a prosecution. Obviously, such decisions were made in connection with the Defendants' court filings and arguments in the judicial proceedings of the PCR case, and, thus, the actions complained of were purely prosecutorial functions which are absolutely immune from Plaintiff's claims." <u>Id.</u> Plaintiff's claims against this Defendant should therefore be dismissed.

### CONCLUSION

For the above reasons, Defendant South Carolina Attorney General's Office respectfully requests that the Court grant its Motion to Dismiss as to Plaintiff's claims against it. Defendant prays for such other relief, both general and special, legal and equitable to which it may be justly entitled.

Respectfully submitted this the 12th day of March, 2026.

**RICHARDSON, PLOWDEN & ROBINSON, P.A.**

*s/James E. Haarsgaard*
James E. Haarsgaard, Esquire (SC Bar No.: 102260)
235 Magrath Darby Boulevard, Suite 100
Mount Pleasant, South Carolina 29464
(843) 805-6550
jhaarsgaard@richardsonplowden.com
*ATTORNEY FOR DEFENDANT SOUTH CAROLINA ATTORNEY GENERAL'S OFFICE*

## AFFIDAVIT OF SERVICE

| Case:<br>2026-CP-14-00057 | Court:<br>Clarendon County Court of Common Pleas | County:<br>Clarendon, SC | Job:<br>15188232 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Michael Pearson | | **Defendant / Respondent:**<br>Clarendon County; Third Circuit Solicitor's Office; Clarendon County Sheriff's Office; City of Sumter; South Carolina Attorney General's Office; Kenneth Clark; Thomas Ham; Ernest Finney, Iii; Mark Creech | |
| **Received by:**<br>Haint Group, LLC | | **For:**<br>Kendrick & Leonard, P.C. | |
| **To be served upon:**<br>City of Sumter | | | |

I, Mike Wallace, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Barbara Jenkins, Administration , 21 North Main Street, Sumter, SC 29150
**Manner of Service:** Authorized, Feb 12, 2026, 12:58 pm EST
**Documents:** Summons and Complaint (Received Feb 6, 2026 at 12:54pm EST)

**Additional Comments:**
1) Successful Attempt: Feb 12, 2026, 12:58 pm EST at 21 North Main Street, Sumter, SC 29150 received by Barbara Jenkins, Administration .
Age: 55-60; Ethnicity: African American; Gender: Female; Weight: 125-150; Height: 5'3"; Hair: Black;
I attempted service at the address provided. Mrs Jenkins met me at the door, confirmed she was authorized to accept process for the city, provided her identity, and accepted the papers.

_Michael E Wallace_    2/13/26
Mike Wallace        Date

Haint Group, LLC
1521 Laurens Rd Unit 5892
Greenville, SC 29606
(864) 397-5227

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

2/13/26    December 19, 2033
Date        Commission Expires

CHANDLER M. ISOM
My Commission Expires
NOTARY
PUBLIC
December 19, 2033
STATE OF SOUTH CAROLINA

ELECTRONICALLY FILED - 2026 Mar 30 9:24 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

## AFFIDAVIT OF SERVICE

| Case: 2026-CP-14-00057 | Court: Clarendon County Court of Common Pleas | County: Clarendon, SC | Job: 15188104 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Michael Pearson | | **Defendant / Respondent:** Clarendon County; Third Circuit Solicitor's Office; Clarendon County Sheriff's Office; City of Sumter; South Carolina Attorney General's Office; Kenneth Clark; Thomas Ham; Ernest Finney, Iii; Mark Creech | |
| **Received by:** Haint Group, LLC | | **For:** Kendrick & Leonard, P.C. | |
| **To be served upon:** Mark Creech | | | |

I, Mike Wallace, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Susan Howard, Circuit Manager, 215 North Harvin Street, Sumter, SC 29150

**Manner of Service:**   Authorized, Feb 12, 2026, 1:09 pm EST

**Documents:**   Summons and Complaint (Received Feb 6, 2026 at 12:54pm EST)

**Additional Comments:**

1) Successful Attempt: Feb 12, 2026, 1:09 pm EST at 215 North Harvin Street, Sumter, SC 29150 received by Susan Howard, Circuit Manager. Age: 55-60; Ethnicity: African American; Gender: Female; Weight: 225-250; Height: 5'5"; Hair: Black;
I attempted service at the address provided. The receptionist called Susan to the lobby. Susan confirmed that she was authorized to accept for the solicitor's office and the individual parties. She refused to provide her last name. She accepted the papers.

Subscribed and sworn to before me by the affiant who is personally known to me.

_Michael E Wall III_   2/17/26

Mike Wallace              Date

Haint Group, LLC
1521 Laurens Rd Unit 5892
Greenville, SC 29606
(864) 397-5227

Notary Public
2-17-26          1-18-2034
Date              Commission Expires



ELECTRONICALLY FILED - 2026 Mar 30 9:24 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

## AFFIDAVIT OF SERVICE

| Case: 2026-CP-14-00057 | Court: Clarendon County Court of Common Pleas | County: Clarendon, SC | Job: 15188097 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Michael Pearson | | **Defendant / Respondent:** Clarendon County; Third Circuit Solicitor's Office; Clarendon County Sheriff's Office; City of Sumter; South Carolina Attorney General's Office; Kenneth Clark; Thomas Ham; Ernest Finney, Iii; Mark Creech | |
| **Received by:** Haint Group, LLC | | **For:** Kendrick & Leonard, P.C. | |
| **To be served upon:** Ernest Finney, III | | | |

I, Mike Wallace, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Susan Howard, Circuit Manager, 215 North Harvin Street, Sumter, SC 29150

**Manner of Service:** Authorized, Feb 12, 2026, 1:09 pm EST

**Documents:** Summons and Complaint (Received Feb 6, 2026 at 12:54pm EST)

**Additional Comments:**
1) Successful Attempt: Feb 12, 2026, 1:09 pm EST at 215 North Harvin Street, Sumter, SC 29150 received by Susan Howard, Circuit Manager. Age: 55-60; Ethnicity: African American; Gender: Female; Weight: 225-250; Height: 5'5"; Hair: Black;
I attempted service at the address provided. The receptionist called Susan to the lobby. Susan confirmed that she was authorized to accept for the solicitor's office and the individual parties. She refused to provide her last name. She accepted the papers.

Mike Wallace     2/17/26

Mike Wallace     Date

Haint Group, LLC
1521 Laurens Rd Unit 5892
Greenville, SC 29606
(864) 397-5227

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

2-17-26     1-18-2034

Date     Commission Expires

ELECTRONICALLY FILED - 2026 Mar 30 9:24 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

## AFFIDAVIT OF SERVICE

| Case: 2026-CP-14-00057 | Court: Clarendon County Court of Common Pleas | County: Clarendon, SC | Job: 15188244 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Michael Pearson | | **Defendant / Respondent:** Clarendon County; Third Circuit Solicitor's Office; Clarendon County Sheriff's Office; City of Sumter; South Carolina Attorney General's Office; Kenneth Clark; Thomas Ham; Ernest Finney, Iii; Mark Creech | |
| **Received by:** Haint Group, LLC | | **For:** Kendrick & Leonard, P.C. | |
| **To be served upon:** South Carolina Attorney General's Office | | | |

I, Mike Wallace, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Nache Moultry, Receptionist , 1000 Assembly Street, Columbia, SC 29201

**Manner of Service:**  Authorized, Feb 12, 2026, 11:13 am EST

**Documents:**  Summons and Complaint (Received Feb 6, 2026 at 12:54pm EST)

**Additional Comments:**

1) Successful Attempt: Feb 12, 2026, 11:13 am EST at 1000 Assembly Street, Columbia, SC 29201 received by Nache Moultry, Receptionist . Age: 55-60; Ethnicity: African American; Gender: Female; Weight: 150-175; Hair: Black;
I attempted service at the address provided. Upon entering the Attorney General's office, Miss Moultry was seated at the receptionist's desk. She confirmed she was eligible to accept on behalf of the office, provided her identity, and accepted the papers.

_Michael E Wallace II_  2/13/26
Mike Wallace                Date

Haint Group, LLC
1521 Laurens Rd Unit 5892
Greenville, SC 29606
(864) 397-5227

Subscribed and sworn to before me by the affiant who is personally known to me.

_[signature]_
Notary Public

4/13/26  December 19, 2033
Date            Commission Expires

CHANDLER M. ISOM
My Commission Expires
NOTARY
PUBLIC
December 19, 2033
STATE OF SOUTH CAROLINA

ELECTRONICALLY FILED - 2026 Mar 30 9:24 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

## AFFIDAVIT OF SERVICE

| Case:<br>2026-CP-14-00057 | Court:<br>Clarendon County Court of Common Pleas | County:<br>Clarendon, SC | Job:<br>15188068 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Michael Pearson | | **Defendant / Respondent:**<br>Clarendon County; Third Circuit Solicitor's Office; Clarendon County Sheriff's Office; City of Sumter; South Carolina Attorney General's Office; Kenneth Clark; Thomas Ham; Ernest Finney, Iii; Mark Creech | |
| **Received by:**<br>Haint Group, LLC | | **For:**<br>Kendrick & Leonard, P.C. | |
| **To be served upon:**<br>Third Circuit Solicitor's Office | | | |

I, Mike Wallace, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Susan Howard, Circuit Manager, 215 North Harvin Street, Sumter, SC 29150

**Manner of Service:**   Authorized, Feb 12, 2026, 1:09 pm EST

**Documents:**   Summons and Complaint (Received Feb 6, 2026 at 12:54pm EST)

**Additional Comments:**

1) Successful Attempt: Feb 12, 2026, 1:09 pm EST at 215 North Harvin Street, Sumter, SC 29150 received by Susan Howard, Circuit Manager. Age: 55-60; Ethnicity: African American; Gender: Female; Weight: 225-250; Height: 5'5"; Hair: Black;
I attempted service at the address provided. The receptionist called Susan to the lobby. Susan confirmed that she was authorized to accept for the solicitor's office and the individual parties. She refused to provide her last name. She accepted the papers.

_____   2/17/26
Mike Wallace                   Date

Haint Group, LLC
1521 Laurens Rd Unit 5892
Greenville, SC 29606
(864) 397-5227

Subscribed and sworn to before me by the affiant who is personally known to me.

_____

Notary Public
2-17-26                1-18-2034
Date                   Commission Expires



ELECTRONICALLY FILED - 2026 Mar 30 9:24 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

ELECTRONICALLY FILED - 2026 Mar 30 9:24 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

STATE OF SOUTH CAROLINA

COUNTY OF CLARENDON

MICHAEL PEARSON,

      *Plaintiff,*

v.

CLARENDON COUNTY; THIRD
CIRCUIT SOLICITOR'S OFFICE;
CLARENDON COUNTY SHERIFF'S
OFFICE; CITY OF SUMTER;
SOUTH CAROLINA ATTORNEY
GENERAL'S OFFICE; KENNETH
CLARK; THOMAS HAM; ERNEST
FINNEY, III; MARK CREECH;

      *Defendants.*

IN THE COURT OF COMMON
PLEAS
FOR THE
THIRD JUDICIAL CIRCUIT

Case No. 2026-CP-14-00057

ACCEPTANCE OF SERVICE:

CLARENDON COUNTY
CLARENDON COUNTY
SHERIFF'S OFFICE
KENNETH CLARK
THOMAS HAM

The undersigned attorney accepts service of the Summons and Complaint in this

matter on __MARCH 18__, 2026 on behalf of the following named Defendants:

1.  Clarendon County

2.  Clarendon County Sheriff's Office

3.  Kenneth Clark

4.  Thomas Ham

                                        H. Thomas Morgan, Jr.
                                        Dated: MARCH 18, 2026

ELECTRONICALLY FILED - 2026 Mar 30 9:24 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

STATE OF SOUTH CAROLINA

COUNTY OF CLARENDON

MICHAEL PEARSON,

       *Plaintiff,*

v.

CLARENDON COUNTY; THIRD
CIRCUIT SOLICITOR'S OFFICE;
CLARENDON COUNTY SHERIFF'S
OFFICE; CITY OF SUMTER;
SOUTH CAROLINA ATTORNEY
GENERAL'S OFFICE; KENNETH
CLARK; THOMAS HAM; ERNEST
FINNEY, III; MARK CREECH;

       *Defendants.*

IN THE COURT OF COMMON
PLEAS
FOR THE
THIRD JUDICIAL CIRCUIT


Case No. 2026-CP-14-00057


ACCEPTANCE OF SERVICE:

CLARENDON COUNTY
CLARENDON COUNTY
SHERIFF'S OFFICE
KENNETH CLARK
THOMAS HAM


The undersigned attorney accepts service of the Summons and Complaint in this

matter on  MARCH  18  , 2026 on behalf of the following named Defendants:

1. Clarendon County

2. Clarendon County Sheriff's Office

3. Kenneth Clark

4. Thomas Ham


                                                                             
H. Thomas Morgan, Jr.
Dated:  MARCH 18, 2026

ELECTRONICALLY FILED - 2026 Mar 30 9:24 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

STATE OF SOUTH CAROLINA

COUNTY OF CLARENDON

MICHAEL PEARSON,

        *Plaintiff,*

v.

CLARENDON COUNTY; THIRD CIRCUIT SOLICITOR'S OFFICE; CLARENDON COUNTY SHERIFF'S OFFICE; CITY OF SUMTER; SOUTH CAROLINA ATTORNEY GENERAL'S OFFICE; KENNETH CLARK; THOMAS HAM; ERNEST FINNEY, III; MARK CREECH;

        *Defendants.*

IN THE COURT OF COMMON PLEAS
FOR THE
THIRD JUDICIAL CIRCUIT

Case No. 2026-CP-14-00057

ACCEPTANCE OF SERVICE:

CLARENDON COUNTY
CLARENDON COUNTY
SHERIFF'S OFFICE
KENNETH CLARK
THOMAS HAM

The undersigned attorney accepts service of the Summons and Complaint in this matter on __MARCH 18__, 2026 on behalf of the following named Defendants:

1. Clarendon County

2. Clarendon County Sheriff's Office

3. Kenneth Clark

4. Thomas Ham

H. Thomas Morgan, Jr.
Dated: MARCH 18, 2026

ELECTRONICALLY FILED - 2026 Mar 30 9:24 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

STATE OF SOUTH CAROLINA

COUNTY OF CLARENDON

MICHAEL PEARSON,

        *Plaintiff,*

v.

CLARENDON COUNTY; THIRD
CIRCUIT SOLICITOR'S OFFICE;
CLARENDON COUNTY SHERIFF'S
OFFICE; CITY OF SUMTER;
SOUTH CAROLINA ATTORNEY
GENERAL'S OFFICE; KENNETH
CLARK; THOMAS HAM; ERNEST
FINNEY, III; MARK CREECH;

        *Defendants.*

IN THE COURT OF COMMON
PLEAS
FOR THE
THIRD JUDICIAL CIRCUIT

Case No. 2026-CP-14-00057

ACCEPTANCE OF SERVICE:

CLARENDON COUNTY
CLARENDON COUNTY
SHERIFF'S OFFICE
KENNETH CLARK
THOMAS HAM

The undersigned attorney accepts service of the Summons and Complaint in this

matter on _MARCH 18_, 2026 on behalf of the following named Defendants:

1. Clarendon County

2. Clarendon County Sheriff's Office

3. Kenneth Clark

4. Thomas Ham

                                                        H. Thomas Morgan, Jr.
Dated: MARCH 18, 2026

# Exhibit A

ELECTRONICALLY FILED - 2026 Apr 01 1:23 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

## AFFIDAVIT OF SERVICE

| Case: 2026-CP-14-00057 | Court: Clarendon County Court of Common Pleas | County: Clarendon, SC | Job: 15188104 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Michael Pearson | | **Defendant / Respondent:** Clarendon County; Third Circuit Solicitor's Office; Clarendon County Sheriff's Office; City of Sumter; South Carolina Attorney General's Office; Kenneth Clark; Thomas Ham; Ernest Finney, Iii; Mark Creech | |
| **Received by:** Haint Group, LLC | | **For:** Kendrick & Leonard, P.C. | |
| **To be served upon:** Mark Creech | | | |

I, Mike Wallace, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**     Susan Howard, Circuit Manager, 215 North Harvin Street, Sumter, SC 29150

**Manner of Service:**     Authorized, Feb 12, 2026, 1:09 pm EST

**Documents:**     Summons and Complaint (Received Feb 6, 2026 at 12:54pm EST)

**Additional Comments:**

1) Successful Attempt: Feb 12, 2026, 1:09 pm EST at 215 North Harvin Street, Sumter, SC 29150 received by Susan Howard, Circuit Manager. Age: 55-60; Ethnicity: African American; Gender: Female; Weight: 225-250; Height: 5'5"; Hair: Black;
I attempted service at the address provided. The receptionist called Susan to the lobby. Susan confirmed that she was authorized to accept for the solicitor's office and the individual parties. She refused to provide her last name. She accepted the papers.

Michael E Wall III        2/17/26

Mike Wallace                    Date

Haint Group, LLC
1521 Laurens Rd Unit 5892
Greenville, SC 29606
(864) 397-5227

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Notary Public
2-17-26        1-18-2034

Date            Commission Expires



ELECTRONICALLY FILED – 2026 Mar 30 9:24 PM – CLARENDON – COMMON PLEAS – CASE#2026CP1400057

ELECTRONICALLY FILED - 2026 Apr 01 1:23 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | THIRD JUDICIAL CIRCUIT |
| COUNTY OF CLARENDON | ) | |
| | ) | Civil Action No.: 2026-CP-14-00057 |
| Michael Pearson, | ) | |
| Plaintiff, | ) | |
| | ) | **MOTION TO DISMISS** |
| vs. | ) | |
| | ) | |
| Clarendon County; Third Circuit Solicitor's | ) | |
| Office; Clarendon County Sheriff's Office; | ) | |
| City of Sumter; South Carolina Attorney | ) | |
| General's Office; Kenneth Clark; Thomas | ) | |
| Ham; Ernest Finney III; Mark Creech, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Mark Creech (hereafter "Creech"), reserving all rights to answer or otherwise plead in this matter, hereby moves before this court pursuant to Rules 12(b)(5), 12(b)(6), SCRCP, as well as pursuant to all other applicable law, for an order dismissing this action on the following grounds:

1. Service of process on Creech was insufficient, thus necessitating dismissal pursuant to Rule 12(b)(5), SCRCP.

2. The Affidavit of Service purporting to have effected service on Creech indicates that Creech was not personally served with the Summons and Complaint in an acceptable manner as proscribed by Rule 4(d)(1), SCRCP and contains insufficient proof that a person authorized to accept service for Defendant Creech was in fact served. **Exhibit A**.

3. Additionally, the Affidavit of Service indicates that Creech was purportedly served with pleadings on February 12, 2026, however Plaintiff did not file the Acceptance of Service for any of the Defendants until March 30, 2026.

1

4. Rule 5(d), SCRCP, requires that proof of service be filed within <u>ten (10) days</u> after service of the Summons and Complaint. Here, Plaintiff filed the Acceptance of Service for Creech over 30 days after purportedly effectuating service.

5. Further, the complaint in this case fails to state facts sufficient to constitute a cause of action against Defendant Creech,  thus requiring dismissal pursuant to Rule 12(b)(6), SCRCP.

Wherefore, having fully reserved his right to answer or otherwise plead, Defendant Creech moves to dismiss this action.

Respectfully Submitted,

  s/ Desa Ballard _____
Desa Ballard (S.C. Bar No. 498)
Harvey M. Watson III (S.C. Bar No. 74053)
Haley Hubbard (S.C. Bar No. 103195)

BALLARD & WATSON
226 State Street
West Columbia, South Carolina 29169
Telephone 803.796.9299
desab@desaballard.com
harvey@desaballard.com
haley@desaballard.com

**ATTORNEYS FOR
DEFENDANT MARK CREECH**

April 1, 2026

2

ELECTRONICALLY FILED - 2026 Apr 01 1:23 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

ELECTRONICALLY FILED - 2026 Apr 09 12:09 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | THIRD JUDICIAL CIRCUIT |
| COUNTY OF CLARENDON | ) | |
| | ) | Civil Action No.: 2026-CP-14-00057 |
| Michael Pearson, | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MOTION TO STRIKE** |
| | ) | |
| Clarendon County; Third Circuit Solicitor's | ) | |
| Office; Clarendon County Sheriff's Office; | ) | |
| City of Sumter; South Carolina Attorney | ) | |
| General's Office; Kenneth Clark; Thomas | ) | |
| Ham; Ernest Finney III; Mark Creech, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Mark Creech (hereafter "Creech"), moves this Honorable Court for an order striking the Affidavit of Service filed on March 30, 2026 at 9:24 pm, in the above-captioned matter pursuant to Rule 12(f), SCRCP, based on the following grounds:

1. The Affidavit of Service as it relates to service on Creech was not filed as required by applicable rule, and is untimely, so the Affidavit of Service must be stricken because the window for filing the Affidavit expired long before the Affidavit of Service was filed.

2. Plaintiff purportedly served Creech with the Summons and Complaint on February 12, 2026, according to the Affidavit of Service on record with the Court having been filed on March 30, 2026.

3. The Affidavit of Service indicates on its face that Creech was not personally served with the Summons and Complaint in a manner as proscribed by Rule 4(d)(1), SCRCP, and contains insufficient proof that a person authorized to accept service for Creech was in fact served.

1

ELECTRONICALLY FILED - 2026 Apr 09 12:09 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

4.  Additionally, Rule 5(d), SCRCP requires that proof of service be filed within ten (10) days after service of the Summons and Complaint, however Plaintiff filed Affidavit of Service for each defendant in this matter well over ten (10) days after alleged service, and more than thirty (30) days for Creech specifically.

5.  It appears that Plaintiff deliberately waited to file the Affidavit of Service for Creech after the deadline for default, which is improper, and the appropriate relief for such deliberate non-compliance with the Rules of Civil Procedure is striking the Affidavit of Service.

Wherefore, having fully set forth the grounds for the request for relief set forth herein, Defendant Creech moves for an order striking the Affidavit of Service as to Defendant Creech filed on March 30, 2026.

Respectfully Submitted,

  s/ Desa Ballard _____
Desa Ballard (S.C. Bar No. 498)
Harvey M. Watson III (S.C. Bar No. 74053)
Haley Hubbard (S.C. Bar No. 103195)

BALLARD & WATSON
226 State Street
West Columbia, South Carolina 29169
Telephone 803.796.9299
desab@desaballard.com
harvey@desaballard.com
haley@desaballard.com

**ATTORNEYS FOR**
**DEFENDANT MARK CREECH**

April 9, 2026

2

ELECTRONICALLY FILED - 2026 Apr 09 6:41 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

STATE OF SOUTH CAROLINA

COUNTY OF CLARENDON

MICHAEL PEARSON,

      *Plaintiff,*

v.

CLARENDON COUNTY; THIRD CIRCUIT SOLICITOR'S OFFICE; CLARENDON COUNTY SHERIFF'S OFFICE; CITY OF SUMTER; SOUTH CAROLINA ATTORNEY GENERAL'S OFFICE; KENNETH CLARK; THOMAS HAM; ERNEST FINNEY, III; MARK CREECH;

      *Defendants.*

IN THE COURT OF COMMON PLEAS
FOR THE
THIRD JUDICIAL CIRCUIT

Case No. 2026-CP-14-00057

**RESPONSE TO DEFENDANT CREECH'S MOTION TO STRIKE**

Defendant Mark Creech's motion to strike is moot. He has accepted service as of Friday, April 3, 2026. There is no need for any litigation over service in this case.

However, one of his allegations requires a response. Creech has accused Plaintiff's counsel of deliberately waiting to file the affidavit until after the deadline for default. This is not true. Counsel has made no attempt to hold Creech in default nor does he intend to in the future.

      Respectfully Submitted,

      *s/ Joshua Snow Kendrick*
      Joshua Snow Kendrick (SC ID 70453)
      KENDRICK & LEONARD, P.C.
      7 Mills Avenue (29605)
      P.O. Box 6938
      Greenville, SC 29606
      Tel: (864) 760-4000
      Josh@KendrickLeonard.com

      Christopher S. Leonard (SC ID 80166)
      KENDRICK & LEONARD, P.C.
      1516 Richland Street (29201)
      P.O. Box 886
      Columbia, SC 29202
      Tel: (803) 667-3186
      Chris@KendrickLeonard.com

April 9, 2026
Greenville, South Carolina

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

STATE OF SOUTH CAROLINA    )   IN THE COURT OF COMMON PLEAS

          )

COUNTY OF CLARENDON    )   CASE NO.: 2026-CP-14-00057

          )

MICHAEL PEARSON,    )

          )

    Plaintiff,    )

          )   **CITY OF SUMTER'S ANSWER TO**

vs.    )   **PLAINTIFF'S COMPLAINT**

          )

CLARENDON COUNTY; THIRD CIRCUIT )

SOLICITOR'S OFFICE; CLARENDON   )   **[JURY TRIAL DEMANDED]**

COUNTY SHERIFF'S OFFICE; CITY OF  )

SUMTER; SOUTH CAROLINA ATTORNEY)

GENERAL'S OFFICE; KENNETH CLARK; )

THOMAS HAM; ERNEST FINNEY, III;   )

MARK CREECH,    )

          )

    Defendants.    )

          )

COMES NOW, City of Sumter, (hereinafter "Sumter" or "this Defendant"), by and through its undersigned attorneys, and answers the Complaint of Plaintiff Michael Pearson (hereinafter "Plaintiff") as follows:

1.    Except as specifically admitted herein, each and every allegation in Plaintiff's Complaint is expressly denied.

2.    Upon information and belief, Sumter admits the allegations in Paragraph 1.

3.    Paragraphs 2–4 are directed to parties other than this Defendant, with the result that no response is required of this Defendant. However, to the extent any allegation contained in these Paragraphs is intended to suggest or imply any wrongdoing, liability, or breach on the part of this Defendant, or that this Defendant waives any of its defenses, the allegation is expressly denied.

4.    Sumter admits the allegations in Paragraph 5.

5.      Paragraphs 7–10 are directed to parties other than this Defendant, with the result that no response is required of this Defendant. However, to the extent any allegation contained in these Paragraphs is intended to suggest or imply any wrongdoing, liability, or breach on the part of this Defendant, or that this Defendant waives any of its defenses, the allegation is expressly denied.

6.      Upon information and belief, Sumter admits the allegations in Paragraph 11 to the extent the *alleged* actions primarily took place in Clarendon County. However, to the extent any allegation contained in this Paragraph is intended to suggest or imply any wrongdoing, liability, or breach on the part of this Defendant, or that this Defendant waives any of its defenses, the allegation is expressly denied.

7.      Responding to Paragraph 12, Sumter is not contesting jurisdiction at this time.

8.      Responding to Paragraph 13, Sumter is not contesting venue at this time.

9.      Responding to Paragraph 14, Sumter is not contesting jurisdiction at this time.

10.     Upon information and belief, Sumter admits the allegations in Paragraph 15.

11.     Upon information and belief, Sumter admits the allegations in Paragraph 16.

12.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 17 and therefore neither admits nor denies the same.

13.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 18 and therefore neither admits nor denies the same.

14.     Upon information and belief, Sumter admits the allegations in Paragraph 19.

15.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 20 and therefore neither admits nor denies the same.

16.     Upon information and belief, Sumter admits the allegations in Paragraph 21.

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

2

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

17.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 21 and therefore neither admits nor denies the same.

18.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 22 and therefore neither admits nor denies the same.

19.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 23 and therefore neither admits nor denies the same.

20.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 24 and therefore neither admits nor denies the same.

21.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 25 and therefore neither admits nor denies the same.

22.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 26 and therefore neither admits nor denies the same.

23.     Responding to Paragraph 27, Sumter admits that fingerprints were, upon information and belief, obtained from the car. Sumter lacks sufficient information, knowledge, or belief to respond to the remaining allegations and therefore neither confirms nor denies the same.

24.     Sumter admits the allegations in Paragraph 28.

25.     Sumter denies the allegations in Paragraph 29, as stated.

26.     Sumter denies the allegations in Paragraph 30, as stated.

27.     Upon information and belief, Sumter admits the allegations in Paragraph 31.

28.     Sumter denies the allegations in Paragraph 32.

29.     Upon information and belief, Sumter admits the allegations in Paragraph 33.

30.     Upon information and belief, Sumter admits the allegations in Paragraph 34.

31.     Sumter denies the allegations in Paragraph 35, as stated.

32.     Sumter denies the allegations in Paragraph 36.

33.     Responding to Paragraph 37, Sumter admits only that Ms. Hodge identified one of the latent prints as having been made by the right thumb of Plaintiff. Sumter denies any remaining allegations, including any implied or suggested allocation intended by characterizing Ms. Hodge's analysis as unsurprising.

34.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 38 and therefore neither admits nor denies the same.

35.     Responding to Paragraph 39, Sumter expressly denies the characterization of Ms. Hodge's analysis as unreliable. Sumter lacks sufficient information, knowledge, or belief to respond to the remaining allegations and therefore neither admits nor denies the same.

36.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 40 and therefore neither admits nor denies the same.

37.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 41 and therefore neither admits nor denies the same.

38.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 42 and therefore neither admits nor denies the same.

39.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 43 and therefore neither admits nor denies the same.

40.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 44 and therefore neither admits nor denies the same.

41.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 45 and therefore neither admits nor denies the same.

42.     Upon information and belief, Sumter admits the allegations in Paragraph 46.

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

43.   Upon information and belief, Sumter admits the allegations in Paragraph 47.

44.   Sumter admits the allegations in Paragraph 48.

45.   Responding to Paragraph 49, Sumter admits only, upon information and belief, that Plaintiff and Weldon were both convicted and received sixty-year prison sentences. Sumter denies the remaining allegations, as stated.

46.   Sumter admits the allegations in Paragraph 50.

47.   Responding to Paragraph 51, Sumter craves reference to the Order filed by the South Carolina Court of Appeals, which speaks for itself, and to the extent any allegation in this Paragraph misstates or wrongfully characterizes the Court of Appeal's holding, the allegation in expressly denied.

48.   Sumter admits the allegations in Paragraph 52.

49.   Responding to Paragraph 53, Sumter craves reference to the Order filed by the South Carolina Supreme Court, which speaks for itself, and to the extent any allegation in this Paragraph misstates or wrongfully characterizes the Supreme Court's holding, the allegation in expressly denied.

50.   Sumter admits the allegations in Paragraph 54.

51.   Sumter admits the allegations in Paragraph 55.

52.   Sumter admits the allegations in Paragraph 56.

53.   Sumter admits the allegations in Paragraph 57.

54.   Sumter admits the allegations in Paragraph 58.

55.   Upon information and belief, Sumter admits the allegations in Paragraph 59.

56.   Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 60 and therefore neither admits nor denies the same.

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

57.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 61 and therefore neither admits nor denies the same.

58.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 62 and therefore neither admits nor denies the same.

59.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 63 and therefore neither admits nor denies the same.

60.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 64 and therefore neither admits nor denies the same.

61.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 65 and therefore neither admits nor denies the same.

62.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 66 and therefore neither admits nor denies the same.

63.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 67 and therefore neither admits nor denies the same.

64.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 68 and therefore neither admits nor denies the same.

65.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 69 and therefore neither admits nor denies the same.

66.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 70 and therefore neither admits nor denies the same.

67.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 71 and therefore neither admits nor denies the same.

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

68. Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 72 and therefore neither admits nor denies the same.

69. Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 73 and therefore neither admits nor denies the same.

70. Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 74 and therefore neither admits nor denies the same.

71. Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 75 and therefore neither admits nor denies the same.

72. Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 76 and therefore neither admits nor denies the same.

73. Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 77 and therefore neither admits nor denies the same.

74. Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 78 and therefore neither admits nor denies the same.

75. Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 79 and therefore neither admits nor denies the same.

76. Sumter admits the allegations in Paragraph 80.

77. Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 81 and therefore neither admits nor denies the same.

78. Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 82 and therefore neither admits nor denies the same.

79. Sumter denies the allegations in Paragraph 83, as stated, as to this Defendant.

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

80.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 84 and therefore neither admits nor denies the same.

81.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 85 and therefore neither admits nor denies the same.

82.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 86 and therefore neither admits nor denies the same.

83.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 87 and therefore neither admits nor denies the same.

84.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 88 and therefore neither admits nor denies the same.

85.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 89 and therefore neither admits nor denies the same.

86.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 90 and therefore neither admits nor denies the same.

87.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 91 and therefore neither admits nor denies the same.

88.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 92 and therefore neither admits nor denies the same.

89.     Sumter admits the allegations in Paragraph 93.

90.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 94 and therefore neither admits nor denies the same.

91.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 95 and therefore neither admits nor denies the same.

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

92.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 96 and therefore neither admits nor denies the same.

93.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 97 and therefore neither admits nor denies the same.

94.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 98 and therefore neither admits nor denies the same.

95.     Sumter lacks sufficient information, knowledge, or belief to respond to the allegations in Paragraph 99 and therefore neither admits nor denies the same.

96.     Responding to Paragraph 100, Sumter admits only that Plaintiff served over 15 years in prison and that Plaintiff's convictions were vacated, he was granted a new trial, and he was released on a personal recognizance bond, on or about August 28, 2025. This Defendant lacks sufficient information, knowledge, or belief to respond to the remaining allegations and therefore neither admits nor denies the same.

97.     Sumter admits the allegations in Paragraph 101.

98.     Paragraphs 102–120 are directed to parties other than this Defendant, with the result that no response is required of this Defendant. However, to the extent any allegation contained in these Paragraphs is intended to suggest or imply any wrongdoing, liability, or breach on the part of this Defendant, or that this Defendant waives any of its defenses, the allegation is expressly denied.

99.     Responding to Paragraph 121, the duties owed by Sumter arise from law and/or contract, if any existed, and to the extent any allegation in this Paragraph is intended to suggest or imply the existence of a duty other than those arising from law and/or contract, the allegation is expressly denied.

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

100.    Sumter denies the allegations in Paragraph 122.

101.    Sumter denies the allegations in Paragraph 123.

102.    Responding to Paragraph 124, the duties owed by Sumter arise from law and/or contract, if any existed, and to the extent any allegation in this Paragraph is intended to suggest or imply the existence of a duty other than those arising from law and/or contract, the allegation is expressly denied.

103.    Sumter denies the allegations in Paragraph 125, including subparts.

104.    Sumter denies the allegations in Paragraph 126.

105.    Sumter denies the allegations in Paragraph 127.

106.    Paragraphs 128–204 are directed to parties other than this Defendant, with the result that no response is required of this Defendant. However, to the extent any allegation contained in these Paragraphs is intended to suggest or imply any wrongdoing, liability, or breach on the part of this Defendant, or that this Defendant waives any of its defenses, the allegation is expressly denied.

107.    Sumter denies, as to this Defendant, the allegations and prayer for relief contained in the PRAYER FOR RELIEF Paragraph, including subparts, and respectfully requests this Court deny the same.

## FURTHER RESPONDING TO THE COMPLAINT AND AS AN AFFIRMATIVE DEFENSE THERETO:
### (Failure to State a Claim)

108.    The allegations contained in Plaintiff's Complaint fail to state a claim upon which relief can be granted.

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:
(South Carolina Tort Claims Act)**

109.    Plaintiff's claims against this Defendant are barred by the South Carolina Tort Claims Act.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:
(S.C. Code Ann. § 15-78-60)**

110.    This Defendant, a political subdivision of the State of South Carolina, retains immunity as to all state law claims under S.C. Code Ann. § 15-78-60, including but not limited to subsections (1), (3), (4), (5), (21), (23), and (25).

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:
(Damages)**

111.    To the extent applicable, this Defendant pleads the defenses and statutory caps set forth in S.C. Code Ann. § 17-78-10, *et seq.*, S.C. Code Ann. §15-32-520, and S.C. Code Ann. §15-32-530.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:
(Public Duty)**

112.    Plaintiff's claims are barred by the public duty doctrine in that any duty owed by this Defendant, which is denied, was owed to the public at large rather than Plaintiff individually.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:
(Judicial/Quasi-Judicial Immunity)**

113.    To the extent Plaintiff's claims against this Defendant arise from assertions made by this Defendant and/or its agent or employee as part of the judicial process, the claims are barred by judicial and/or quisi-judicial immunity.

11

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(No Proximate Cause)**

114.    There is no causal connection/proximate cause between any alleged act or alleged omission on the part of this Defendant and the damages or injuries claimed by the Plaintiff.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Comparative Negligence)**

115.    Some or all of Plaintiff's claims are or may be barred, or in the alternative, reduced to the extent of the comparative negligence of Plaintiff.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Comparative Fault of Plaintiff)**

116.    To the extent Plaintiff's alleged injuries, if any, are the result of Plaintiff's failure to follow any applicable rules, laws, and/or regulations, Plaintiff cannot recover from this Defendant.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Intervening and Superseding Acts of Third Parties)**

117.    Plaintiff's damages, if any, are the direct and proximate result of intervening and superseding acts of third parties not under this Defendant's domain or control. Therefore, this Defendant cannot be held responsible for such alleged damages.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Rule 8(c))**

118.    This Defendant hereby incorporates and sets forth each of the affirmative defenses as required by Rule 8(c), including but not limited to accord and satisfaction, arbitration, contributory negligence, release, statute of frauds, statute of limitations, and waiver, to the extent any individual defense applies to the allegations set forth in Plaintiff's Complaint.

12

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Lack of Proximate Cause)**

119.    Even if this Defendant was negligent as alleged in Plaintiff's Complaint, which it specifically denies, the negligence of this Defendant is not the direct or proximate cause of any injury alleged by Plaintiff, therefore, this Defendant is not liable for any damages allegedly sustained by Plaintiff.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Exercised degree of Skill)**

120.    At all times relevant to the matters complained of in the Complaint, this Defendant exercised the degree of skill and care required of it by law.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Unforeseen Events)**

121.    This Defendant alleges that Plaintiff's injuries, if any, were caused by unforeseen and unforeseeable events for which this Defendant is not liable.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Punitive Damages)**

122.    Plaintiff's Complaint fails to state a claim upon which punitive damages can be awarded or allege facts which, if proven, would entitle Plaintiff to an award of punitive damages.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Punitive Damages)**

123.    To the extent that punitive damages are alleged against this Defendant, such damages are inappropriate in this case because this Defendant did not engage in malicious, reckless, wrongful or intentional conduct upon which an award of punitive damages would be based.

13

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Punitive Damages)**

124.    To the extent applicable, this Defendant pleads the defenses and statutory caps set forth in S.C. Code Ann. §15-32-520 and S.C. Code Ann. §15-32-530.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Estoppel)**

125.    Plaintiff's claims are barred in whole or in part by estoppel as a result of acts, omissions, and conduct of Plaintiff.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(No Duty to Plaintiff)**

126.    This Defendant did not owe a duty to Plaintiff, and, therefore, Plaintiff's claims against this Defendant are barred.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Set Off)**

127.    This Defendant is entitled to set-off for any amounts Plaintiff has recovered from other parties or sources arising out of this incident.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Comparative Fault and/or Negligence)**

128.    This Defendant alleges that to the extent the Plaintiffs sustained injuries or damages as a result of the matters alleged in the Complaint, which is denied, this Defendant is entitled under S.C. Code § 15-38-15 to a determination of the negligence or fault of any other person or entity, whether named as a party to the case or not, who may be responsible for such injuries and/or damages, to the assignment of such fault or negligence to such person or entity by the jury at the conclusion of or the trial of this case, whether or not such person or entity is a

14

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057

party to this lawsuit at such time, and to a reduction of any award in favor of the Plaintiff and against this Defendant by such fault or negligence of the other person or entity in addition to any reduction of any award in favor of the Plaintiff by his own comparative fault.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Equitable Defenses)**

129.     Some or all of the claims in Plaintiff's Complaint are or may be barred by the doctrines of waiver, estoppel, unclean hands, and/or laches. Furthermore, equitable claims made by Plaintiff are or may be barred by other equitable defenses applicable under South Carolina law.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Lack of Opportunity for Investigation)**

130.     This Defendant has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Plaintiff's allegations. This Defendant intends to act as best it can to inform itself of the pertinent facts and prevailing circumstances surrounding any alleged injury or damage to Plaintiff as alleged in Plaintiff's Complaint and gives notice of its intent to assert any further affirmative defenses that its investigation gathering process may indicate as supported by fact and law. This Defendant reserves the right to amend this Answer and assert such additional defenses.

WHEREFORE, having fully responded to the allegations of Plaintiff's Complaint, this Defendant prays for judgment in favor of Sumter, for costs associated with defending this action, and for any other relief as this Court may find just and proper.

*<<Signature Page to Follow>>*

15

Respectfully submitted,

ETHRIDGE LAW GROUP, LLC


By: *s/ Jonathan A. Gamble*

    R. MICHAEL ETHRIDGE
    State Bar No.: 016892
    JONATHAN A. GAMBLE
    State Bar No.: 105981
    1100 Queensborough Blvd., Suite 200
    Mount Pleasant, SC 29464
    843-614-0007
    methridge@ethridgelawgroup.com
    jgamble@ethridgelawgroup.com

*Attorneys for City of Sumter*

ELECTRONICALLY FILED - 2026 Apr 10 2:54 PM - CLARENDON - COMMON PLEAS - CASE#2026CP1400057