**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **Michael Pearson,** | ) | **C/A: 2:26-CV-01564-RMG-TER** |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **ANSWER TO PLAINTIFF'S FIRST** |
| | ) | **AMENDED COMPLAINT ON BEHALF** |
| **Clarendon County; Ernest Finney, III,** | ) | **OF DEFENDANTS CLARENDON** |
| **in his official capacity as Solicitor for** | ) | **COUNTY, CLARENDON COUNTY** |
| **the Third Judicial Circuit; Clarendon** | ) | **SHERIFF'S OFFICE, KENNETH CLARK,** |
| **County Sheriff's Office; City of** | ) | **AND THOMAS HAM** |
| **Sumter; South Carolina Attorney** | ) | |
| **General's Office; Kenneth Clark;** | ) | ***(Jury Trial Demanded)*** |
| **Thomas Ham; Ernest Finney, III;** | ) | |
| **Mark Creech;** | ) | |
| | ) | |
| **Defendants.** | ) | |

Defendants Clarendon County, Clarendon County Sheriff's Office, Kenneth Clark, and Thomas Ham, (hereinafter collectively referred to as "Defendants"), hereby answer the First Amended Complaint of Plaintiff and allege as follows:

**FOR A FIRST DEFENSE**

1.    Defendants deny each and every allegation of the Complaint, except those allegations herein specifically admitted, qualified, or explained. Further, the answering Defendants specifically deny that they violated any constitutional or statutory right belonging to Plaintiff.

2.    As to Paragraph 1, Defendants lack sufficient information to form a belief, therefore, Defendants deny and demand strict proof thereof.

3.    Defendants admit Paragraph 2.

4.    Paragraph 3 is admitted upon information and belief.

5.    Paragraph 4 is admitted upon information and belief.

6.    Paragraph 5 is admitted upon information and belief.

7. Paragraph 6 is admitted upon information and belief.

8. Paragraph 7 is admitted only as to Defendant Kenneth Clark is duly appointed and acting officer of the Clarendon County Sheriff's Office and was so acting under the color of the law of South Carolina at all times. All remaining allegations contained in Paragraph 7 are denied and Defendants demand strict proof thereof.

9. Paragraph 8 is admitted only as to Defendant Thomas Ham was, at the time of the events giving rise to the Complaint, duly appointed and acting officer of the Clarendon County Sheriff's Office and was so acting under the color of the law of South Carolina at all times. All remaining allegations contained in Paragraph 7 are denied and Defendants demand strict proof thereof.

10. As to Paragraphs 9 and 10, Defendants lack sufficient information as to form beliefs as to the allegations and therefore deny and demand strict proof thereof.

11. Paragraph 11 is admitted upon information and belief.

12. Paragraph 12 is admitted upon information and belief.

13. Paragraph 13 is admitted upon information and belief.

14. Paragraph 14 and 15 are admitted upon information and belief.

15. Defendants admit Paragraphs 16-20 upon information and belief.

16. Defendants lack sufficient information to form a belief as to the allegations in Paragraph 21 and demand strict proof thereof.

17. Paragraph 22 is admitted upon information and belief.

18. Paragraphs 23-25 are denied and Defendants demand strict proof thereof.

20. As to Paragraph 26, Defendants deny the allegation and demand strict proof thereof.

21. Paragraphs 27 -28 are denied and Defendants demand strict proof thereof.

22. Defendants admit Paragraphs 29 through 32.

23. Paragraph 33 is denied and Defendants demand strict proof thereof.

24. Defendants admit Paragraphs 34 and 35.

25. Paragraphs 36 and 37 are denied and Defendants demand strict proof thereof.

26. Paragraphs 38 and 39 are admitted upon information and belief.

27. As to Paragraphs 40 through 43, Defendants lack sufficient information to form beliefs and therefore deny and demand strict proof thereof.

27. Defendants lack sufficient information to form beliefs as to Paragraphs 44 through 48, therefore deny and demand strict proof thereof.

28. Paragraphs 49 through 50 are admitted upon information and belief.

29. Paragraph 51 is admitted.

30. As to Paragraph 52, Defendants admit that the Court of Appeals noted that a key piece of evidence against Plaintiff was fingerprint evidence and that the Court of Appeals held the fingerprint evidence circumstantial and only tied Plaintiff to a stolen vehicle without any other evidence showing when or how the fingerprinted ended up on the vehicle. The remaining portion of Paragraph 52 is denied and Defendants demand strict proof thereof.

31. Paragraphs 53 through 58 are admitted upon information and belief.

32. Defendants lack sufficient information to form beliefs as to Paragraphs 59 through 76, therefore are denied and Defendants demand strict proof thereof.

33. Upon information and belief, Paragraphs 77 through 79 are admitted.

34. Defendants lack sufficient information to form a belief as to Paragraph 80, therefore denies and demands strict proof thereof.

35. Defendants lack sufficient information to form a belief as to Paragraph 81, therefore denies and demands strict proof thereof.

36. Upon information and belief, Paragraph 82 is admitted.

37. Defendants lack sufficient information to form a belief as to Paragraph 83 and therefore is denied and demand strict proof thereof.

38. Defendants lack sufficient information to form a belief as to Paragraph 84 and therefore is denied and demand strict proof thereof.

39. Defendants lack sufficient information to form a belief as to Paragraph 85 and therefore is denied and demand strict proof thereof.

40. Defendants lack sufficient information to form a belief as to Paragraph 86 and therefore is denied and demand strict proof thereof.

41. Defendants lack sufficient information to form a belief as to Paragraph 87 and therefore is denied and demand strict proof thereof.

42. Defendants lack sufficient information to form a belief as to Paragraph 88 and therefore is denied and demand strict proof thereof.

43. Defendants lack sufficient information to form a belief as to Paragraph 89 and therefore is denied and demand strict proof thereof.

44. Defendants lack sufficient information to form a belief as to Paragraph 90 and therefore is denied and demand strict proof thereof.

45. Defendants lack sufficient information to form a belief as to Paragraph 91 and therefore is denied and demand strict proof thereof.

46. Defendants lack sufficient information to form beliefs as to Paragraphs 92 through 97 and therefore are denied and demand strict proof thereof.

47.  Defendants deny Paragraph 98 and demand strict proof thereof.

48.  Defendants deny Paragraph 99 and demand strict proof thereof.

49.  As to Paragraph 100, Defendants lack sufficient information to form a belief and therefore denies and demands strict proof thereof.

50.  As to Paragraph 101, Defendants admit Plaintiff served over 15 years in prison, that Plaintiff's convictions were vacated, that he was granted a new trial, and that he was released on a personal recognizance bond on August 28, 2025. Defendants deny all remaining allegations of wrongdoing on Defendants' part, and demand strict proof thereof.

51.  Defendants admit Paragraph 102.

52.  Defendants deny the allegations in Paragraphs 103 through 109, and demand strict proof thereof.

53.  As to Paragraphs 110 through 114 are denied and Defendants demand strict proof thereof.

54.  Paragraphs 115 and 116, including subparagraphs a-e, are denied and Defendants demand strict proof thereof.

55.  Defendants deny the allegations as to Paragraphs 117 and 118, and demand strict proof thereof.

56.  Paragraphs 119 through 121 are denied and Defendants demand strict proof thereof.

57.  Defendants lack sufficient information to form beliefs as to Paragraphs 122 through 128, therefore deny and demand strict proof thereof.

58.  Defendants admit Paragraph 129.

58.  Defendants deny the allegations of Paragraph 130 and demand strict proof thereof.

59. As to Paragraph 131, Defendants admit Defendants Clark and Ham were acting under color of law. However, as to the remaining allegations of Paragraph 131, Defendants deny and demand strict proof thereof.

60. Defendants admit Paragraphs 132 and 133.

61. As to Paragraphs 134 through 139, Defendants deny and demand strict proof thereof.

62. Paragraphs 140 through 142 are denied and Defendants demand strict proof thereof.

63. As to Paragraphs 143 through 145, Defendants lack sufficient information to form beliefs, and therefore deny and demand strict proof thereof.

64. As to Paragraphs 146 through 148, Defendants lack sufficient information to form beliefs, and therefore deny and demand strict proof thereof.

65. Defendants deny Paragraphs 149 through 153 and demand strict proof thereof.

66. As to Paragraphs 154 through 158, Defendants lack sufficient information to form beliefs, and therefore deny and demand strict proof thereof.

67. As to Paragraphs 159 through 163, Defendants lack sufficient information to form beliefs, and therefore deny and demand strict proof thereof.

68. Defendants admit Paragraphs 164 through 166.

69. Defendants lack sufficient information to form beliefs as to Paragraphs 167 through 173, therefore deny and demand strict proof thereof.

70. Defendants admit Paragraph 174 through 176.

71. As to Paragraphs 177 through 182 are denied and Defendants demand strict proof thereof.

72. Defendants admit Paragraphs 183 through 185.

69. Defendants lack sufficient information to form beliefs as to Paragraphs 186 through 190, therefore deny and demand strict proof thereof.

70. Defendants deny Paragraph 191 and demand strict proof thereof.

71. As to Paragraphs 192 and 193, Defendants deny and demand strict proof thereof.

72. Defendants deny Paragraph 194 and demand strict proof thereof.

73. Defendants deny Paragraphs 195 through 205 and demand strict proof thereof.

74. As to Plaintiff's Prayer for Relief, including subparagraphs a-e, Defendants deny and demand strict proof thereof.

## FOR A SECOND DEFENSE

75. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

76. That the injury or damage suffered by Plaintiff, if any, were due to and caused by and was the direct and proximate result of the intervening and superseding negligence, willfulness, wantonness and recklessness of Plaintiff or others over whom the Defendants had no control, resulting directly and proximately in the damage of which Plaintiff complains and such constitutes a complete defense to all claims for negligence and/or gross negligence.

## FOR A THIRD DEFENSE

77. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

78. Plaintiff's injuries or damages, if any, were the result of judicial proceedings over which Defendants had no control, thus Plaintiff's Complaint must be dismissed as a matter of law.

## FOR A FOURTH DEFENSE

79. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

80. Plaintiff's injuries or damages, if any, were the result of Plaintiff's own actions and conduct which he voluntarily chose and assumed the risk thereof, barring him from recovery herein.

## FOR A FIFTH DEFENSE

81. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

82. Plaintiff has failed to take reasonable steps to mitigate his damages sustained, if any, and my not recover any damages that could have been avoided through reasonable mitigation.

## FOR A SIXTH DEFENSE

83. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

84. As to any portion of the Complaint that may be interpreted as brought under the South Carolina Tort Claims Act, § 15-78-10, *et seq.*, of the South Carolina Code of Laws, the Defendants specifically plead, including but not limited to, that:

a. As an employee and officer of the State of South Carolina at the time alleged in the Complaint, acting within the scope of its official duties, Defendants are not liable for acts committed in this capacity and, therefore, the Complaint must be dismissed.

b. The Defendants specifically plead provisions of the South Carolina Code § 15-78-60(1)(2)(3)(4)(5)(6)(9)(17)(20)(23)(25) as a complete bar to the recovery by the Plaintiff herein.

c. The Defendants specifically plead the limitation on liability and prohibition against the recovery of punitive damages, as set forth in South Carolina Code § 15-78-120. Therefore, the

Defendants plead South Carolina Code of Laws, § 15-78-10, *et seq.*, as a complete bar to Plaintiff's claims.

**FOR A SEVENTH DEFENSE**

85. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

86. Defendants would show that an award of punitive damages violates the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 1, Section 3 of the South Carolina Constitution in that:

a. the judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantees;

b. any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

c. any award of punitive damages based upon the wealth of the Defendants violates due process guarantees;

d. the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e. even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and

f. the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of

punitive damages is based upon the wealth of the Defendants.

87.     Plaintiff's claim for punitive damages violates the federal doctrine of separation of powers and Article I, Section 8, of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

88.     If any punitive damages are warranted against the Defendants, which they are not, the Defendants plead the recovery limits in section 15-32-530 of the South Carolina Code as an affirmative defense.

## FOR AN EIGHTH DEFENSE

89.     All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

90.     That by reason of the negligence, carelessness, and recklessness and willfulness of Plaintiff, Plaintiff's injuries and damages were due to and proximately caused by such, and combining, contributing, and concurring with any negligence, carelessness, recklessness, and willfulness on the part of the Defendants, the same of which is expressly denied, so as to be a proximate cause of said injuries and damages to Plaintiff without which the same would not have occurred.  This Court should compare the negligence of Plaintiff to any negligence of the Defendants, which is expressly denied, and the amount of recovery available against the Defendants, if any, should be reduced by the percentage of Plaintiff's own negligence, carelessness, recklessness, and willfulness.

## FOR A NINTH DEFENSE

91.     All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

92. Defendants specifically plead immunity and qualified immunity as a complete bar to the allegations of the Complaint.

## FOR A TENTH DEFENSE

93. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

94. Defendants deny that any constitutional right of Plaintiff has been violated and deny that they are, in any way, responsible for any willful or malicious acts towards Plaintiff.

## FOR AN ELEVENTH DEFENSE

95. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

96. That at all times relevant hereto, Defendants were acting as officers and officials of the State of South Carolina, engaged in the performance of their official duties, and are, therefore, immune from liability and cannot be sued without an express waiver of sovereign immunity, which has not been granted.

## FOR A TWELFTH DEFENSE

97. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

98. That Defendants expressly deny that any facts or failures to act, as described in the Complaint, were committed or omitted maliciously, in bad faith, in a grossly negligent manner, or in a negligent manner, and therefore, the Defendants are immune from suit.

## FOR A THIRTEENTH DEFENSE

99. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

100.     Defendants plead qualified immunity from suit under the holding of *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), as a complete bar to any liability.

## FOR A FOURTEENTH DEFENSE

101.     All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

102.     Defendants are entitled to absolute immunity under *Long v. Seabrook*, 260 S.C. 562, 197 S.E.2d 659 (1973).

## FOR A FIFTEENTH DEFENSE

103.     All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

104.     Plaintiff's claims are not cognizable pursuant to the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

## FOR A SIXTEENTH DEFENSE

105.     All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

106.     Plaintiff's claims are barred by the Public Duty Doctrine and, therefore, should be dismissed with prejudice.

## FOR A SEVENTEENTH DEFENSE

107.     All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

108.     Plaintiff's illegal actions at the time of the incident as described in Plaintiff's Complaint, including but not limited to his arrest is the proximate cause for Plaintiff's alleged injuries and damages to the extent that such illegality render the Defendants not liable in any way

whatsoever to Plaintiff and this action must be dismissed as a matter of law.

**FOR AN EIGHTEENTH DEFENSE**

109. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

110. "The doctrine of unclean hands precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the Defendants." *Wachovia Bank, N.A. v. Coffey*, 389 S.C. 68, 75, 698 S.E.2d 244, 247 (Ct. App. 2010), *affirmed as modified*, 404 S.C. 421, 746 S.E.2d 35 (2013) (quoting *First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 568, 511 S.E.2d 372, 379 (Ct. App. 1998)).

111. Plaintiff is barred from any recovery from Defendants in this matter because of his unclean hands.

**FOR A NINETEENTH DEFENSE**

112. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

113. Defendants' investigation into the facts of this case has not been completed and, therefore, they reserve any additional and further defenses as may be revealed by additional information during the course of any discovery and/or investigation, and as is consistent with the South Carolina Rules of Civil Procedure.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray the Complaint be dismissed with costs and for such other and further relief as the Court may deem just and proper under the circumstances.

*<signature block on following page>*

**RESPECTFULLY SUBMITTED,**

**SMITH ROBINSON HOLLER DuBOSE
& MORGAN, LLC**

By: _ s/ H. Thomas Morgan, Jr._
H. Thomas Morgan, Jr., Fed ID No. 10189
_Attorney for Defendants Clarendon County, Clarendon
County Sheriff's Office, Kenneth Clark, and Thomas Ham_
935 Broad Street
Camden, South Carolina 29020
(803) 432-1992
tommy.morgan@smithrobinsonlaw.com

May 20 , 2026