| | | |
|---|---|---|
| Michael Pearson, | ) | |
| | ) | C/A: 2:26-cv-01564-RMG-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT SOUTH** |
| Clarendon County; Ernest Finney, III, in his | ) | **CAROLINA ATTORNEY** |
| official capacity as Solicitor for the Third | ) | **GENERAL'S OFFICE'S MOTION** |
| Judicial Circuit; Clarendon County Sheriff's | ) | **TO DISMISS IN LIEU OF** |
| Office; City of Sumter; South Carolina | ) | **ANSWER** |
| Attorney General's Office; Kenneth Clark; | ) | |
| Thomas Ham; Ernest Finney, III; Mark | ) | |
| Creech, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COMES Defendant South Carolina Attorney General's Office (hereinafter referenced as "SCAG"), by and through its undersigned counsel, who hereby brings the present Motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing it from this case. This Motion is being filed in lieu of an Answer to Plaintiff's Amended Complaint (Dkt. No. 13) in accordance with the Federal Rules of Civil Procedure.

## **FACTUAL ALLEGATIONS**

Plaintiff originally filed this action on January 30, 2026. *See* Dkt. No. 1-1. In his Amended Complaint, Plaintiff alleges that he was arrested by the Clarendon County Sheriff's Office in relation to an assault and robbery that was committed in Clarendon County on May 15, 2010. Dkt. No. 13 at 3, 5. He alleges that his charges went to jury trial in Clarendon County on May 14, 2012, he was convicted on May 18, 2012, and he was subsequently sentenced to 60 years in prison. *Id*. at 5-6. While his conviction was reversed by the Court of Appeals on July 30, 2014, the Court of Appeals' decision was reversed by the Supreme Court on March 23, 2016, and Plaintiff's conviction was reinstated. *Id*.

1

at 6. Plaintiff's subsequent PCR application was dismissed on November 20, 2018. *Id*. at 7. Plaintiff filed a petition for habeas corpus relief in the United States District Court which was denied on August 27, 2024. *Id*. at 9.

Plaintiff filed an amended PCR application on June 28, 2025. *Id*. at 11. According to Plaintiff, Defendant Ernest Finney, the Solicitor handling Plaintiff's case, "wrote to Defendant SCAG and admitted that Plaintiff was innocent" on July 24, 2025. *Id*. Plaintiff alleges that Defendant SCAG "opposed his release based solely on procedural arguments." *Id*. at 11-12. On September 8, 2025, Plaintiff's charges were "nolle prossed." *Id*. at 12.

In his Amended Complaint, Plaintiff alleges two claims against Defendant SCAG under a section titled "Post Conviction Claims." *Id*. at 17-18. Plaintiff's tenth and thirteenth causes of action assert false imprisonment and negligence/gross negligence claims, respectively, against this Defendant. *Id*. For the reasons set forth below, Defendant SCAG respectfully requests that Plaintiff's claims against it be dismissed.

## **ARGUMENT**

**I.      PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT SCAG.**

### A.      False Imprisonment

To succeed on a false arrest claim, a plaintiff must prove that the defendant intentionally and unlawfully restrained him. *Roberts v. City of Forest Acres*, 902 F. Supp. 662, 671 (D.S.C. 1995) *citing Caldwell v. K-Mart Corp.*, 306 S.C. 27, 410 S.E.2d 21, 23 (App. 1991). In this case, Plaintiff does not allege that Defendant SCAG arrested or restrained him. Plaintiff does not allege that this Defendant was in any way involved in his detention, prosecution, or subsequent incarceration. Rather, at all times relevant to his claims against this Defendant, Plaintiff was a convicted and sentenced state prisoner. Further, Plaintiff does not allege that Defendant SCAG

personally interacted with him whatsoever. According to Plaintiff's own allegations, this Defendant was not at all responsible for restraining, him and he was "detained in prison" at all times relevant to the allegations against this Defendant. Dkt. No. 13 at 17. Plaintiff therefore cannot maintain a false imprisonment claim against Defendant SCAG.

B.     Negligence/Gross Negligence

"In a negligence action, a plaintiff must show that (1) the defendant owes a duty of care to the plaintiff, (2) the defendant breached the duty by a negligent act or omission, (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered an injury or damages*." Steinke v. S.C. Dept. of Labor, Licensing and Regulation*, 336 S.C. 373, 387, 520 S.E.2d 142, 149 (1999).

Plaintiff's negligence/gross negligence cause of action against this Defendant fails at the first element of this claim. "An essential element in a negligence cause of action is the existence of a legal duty owed by the defendant to the plaintiff. Without such a duty, there can be no actionable negligence." *Wyatt v. Fowler*, 484 S.E.2d 590, 592 (S.C. 1997). "A plaintiff alleging negligence on the part of a governmental actor or entity may rely either upon a duty created by statute or one founded on the common law." *Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 128 (S.C. 2010). "The court must determine, as a matter of law, whether the law recognizes a particular duty." *Steinke*, 336 S.C. 373, 387, 520 S.E.2d at 149. "When the duty is founded on the common law, [courts] refer to this as a legal duty arising from special circumstances." *Newkirk v. Enzor*, 240 F. Supp. 3d 426, 437-38 (D.S.C. 2017) (citation and internal marks omitted).

In this case, Plaintiff fails to allege either a statutory or common law duty to support his negligence claim against Defendant SCAG. The facts contained in the Amended Complaint also

fail to constitute a duty arising from special circumstances. *See id.* at 438 (finding an officer's roadside traffic stop and placing the plaintiff *under his control* created a duty "to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation"); *see also Cowley v. Spivey*, 285 S.C. 397, 329 S.E.2d 774, 780 (1985) ("[O]ne who assumes to act, even though under no obligation to do so, may become subject to the duty to act with due care."). Plaintiff does not allege that he was ever under this Defendant's control or that this Defendant "assumed to act." Plaintiff bases his negligence/gross negligence claim on this Defendant's *inaction*, but Plaintiff's allegations show that this Defendant was wholly disconnected from his arrest, prosecution and incarceration.

Even assuming that Defendant SCAG owed a duty to Plaintiff, Plaintiff was a convicted and sentenced state prisoner at all times relevant to his claims against Defendant SCAG. The court had not vacated Plaintiff's criminal convictions or otherwise afforded him any relief that would have entitled to him to release from custody. Plaintiff therefore cannot show that Defendant SCAG breached any alleged duty owed to him.

In sum, because (1) Plaintiff does not allege any statutory authority or facts that would create a special circumstance and (2) Plaintiff does not allege facts under which Defendant SCAG breached any alleged duty owed to him, he has failed to state a negligence/gross negligence claim against this Defendant.

## II. DEFENDANT SCAG IS ENTITLED TO THE PROTECTIONS AND IMMUNITIES AFFORDED IT UNDER THE SOUTH CAROLINA TORT CLAIMS ACT.

The South Carolina Tort Claims Act is "the exclusive remedy for any tort committed by an employee of a governmental entity." S.C. Code Ann. § 15-78-70(a). The Act provides that a governmental entity is not liable for a loss resulting from the "institution or prosecution of any

judicial or administrative proceeding" or "judicial[] or quasi-judicial action or inaction." S.C. Code Ann. § 15-78-60 (1), (23).

To the extent that the court finds that Plaintiff has stated a claim for relief against this Defendant, Defendant SCAG is absolutely immune from Plaintiff's claims based on the allegations in the Amended Complaint. The South Carolina Court of Appeals has confirmed that "a prosecutor, in his official capacity, is immune from a Tort Claims Act suit involving 'judicial' or 'quasi-judicial' acts." *Williams v. Condon*, 347 S.C. 227, 250, 553 S.E.2d 496, 508 (Ct. App. 2001). "[A] prosecutor's typical duties are 'judicial' or 'quasi-judicial' in nature." *Id*. Consequently, "a prosecutor in the employ of the state is absolutely immune from personal liability under [ ] the Tort Claims Act for actions relating to the prosecution of an individual as a criminal defendant." *Id*. at 250, 553 S.E.2d at 509.

Courts in this state applying prosecutorial immunity have specifically found that this immunity covers "legal positions [the prosecutor] took in [a] PCR case." *Wilder v. Brooks*, No. C/A 3:08-3089-MBS, 2009 WL 291065, at *4–5 (D.S.C. Feb. 4, 2009). The court in *Wilder* specifically recognized that it is within a prosecutor's responsibilities in PCR cases to "urge the PCR judge to uphold the criminal sentence under attack" and retain absolute immunity while performing those duties. *Id*. ("In South Carolina, the state's Attorney General's office supplies attorneys who represent the State in all PCR actions. Such attorneys serve as prosecutors because they represent the State and urge the PCR judge to uphold the criminal sentence under attack. State prosecutors have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to ancillary civil proceedings such as PCR actions.").

In this case, Plaintiff does not allege that Defendant SCAG's opposition to his release in his second PCR action was unsupported. He specifically alleges, rather, that this Defendant "opposed his release based solely on *procedural arguments*." Dkt. No. 13 at 11-12. Whether Defendant SCAG's arguments were procedural or legal, the court observed in *Wilder* that, "[o]f particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about 'whether and when to prosecute' and whether or not to go forward with a prosecution." *Wilder*, 2009 WL 291065, at *5 (internal citation omitted). Plaintiff's claims regarding this Defendant's opposition to his release are "clearly prosecutorial decisions about when to prosecute and whether to even go forward with a prosecution. Obviously, such decisions were made in connection with the Defendants' court filings and arguments in the judicial proceedings of the PCR case, and, thus, the actions complained of were purely prosecutorial functions which are absolutely immune from Plaintiff's claims." *Id*. Plaintiff's claims against this Defendant should therefore be dismissed.

## CONCLUSION

For the above reasons, Defendant South Carolina Attorney General's Office respectfully requests that the Court grant its Motion to Dismiss as to Plaintiff's claims against it. Defendant prays for such other relief, both general and special, legal and equitable to which it may be justly entitled.

Respectfully submitted this 21st day of May, 2026.

*Signature on following page.*

6

RICHARDSON, PLOWDEN & ROBINSON, P.A.


s/ James E. Haarsgaard
James E. Haarsgaard (Federal ID No.: 12298)
235 Magrath Darby Blvd., Suite 100
Mount Pleasant, South Carolina 29464
jhaarsgaard@richardsonplowden.com
Phone:  (843) 805-6550
Fax:      (843) 805-6599

**ATTORNEY FOR DEFENDANT SOUTH
CAROLINA ATTORNEY GENERAL'S OFFICE**

7