IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MICHAEL PEARSON, | ) | C/A No.: 2:26-cv-01564-RMG-TER |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S LOCAL CIVIL |
| | ) | RULE 26.03 INFORMATION |
| v. | ) | |
| | ) | **Judge Richard Mark Gergel** |
| CLARENDON COUNTY; ERNEST | ) | |
| FINNEY, III, in his official capacity | ) | |
| as Solicitor for the Third Judicial | ) | |
| Circuit; CLARENDON COUNTY | ) | |
| SHERIFF'S OFFICE; CITY OF | ) | |
| SUMTER; SOUTH CAROLINA | ) | |
| ATTORNEY GENERAL'S OFFICE; | ) | |
| KENNETH CLARK; THOMAS | ) | |
| HAM; ERNEST FINNEY, III; MARK | ) | |
| CREECH; | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Michael Pearson, by and through undersigned counsel, submits the following

information pursuant to Local Civil Rule 26.03 (D.S.C.). Plaintiff and the Defendants have

elected, as permitted by Local Civil Rule 26.03(B), to file separate Rule 26.03 submissions rather

than a joint report.

### (1) Short Statement of the Facts

This is a civil rights and tort action arising out of the wrongful arrest, prosecution, conviction,

and prolonged post-conviction incarceration of Plaintiff Michael Pearson for a 2010 robbery he

did not commit. In May 2010, Edward Gibbons was robbed and assaulted in Clarendon County.

The victim could not identify his attackers. The only evidence connecting Plaintiff to the crime

was a latent fingerprint identification made by a Sumter Police Department examiner who,

contrary to accepted forensic protocol, conducted her comparison only after being told the name

of the suspect law enforcement wished to match. Plaintiff had an alibi, no physical evidence

1

connected him to the scene, the confidential informant who implicated him had an obvious motive to lie, and the lead investigator admitted he did not believe Plaintiff was involved. Plaintiff was nonetheless arrested, tried jointly with co-defendant Victor Weldon, and convicted in 2012.

Beginning in 2023, in connection with the remanded prosecution of Weldon, the Solicitor's Office and law enforcement obtained evidence of Plaintiff's innocence: Weldon repeatedly stated, including under polygraph, that Plaintiff was not involved and named the actual perpetrators; a third individual, Leonard Smith, later confessed and implicated himself and others but not Plaintiff; and the lead investigator independently verified Plaintiff's alibi using the same information available since 2010. Despite this knowledge, Defendants took no action to secure Plaintiff's release for years. The Solicitor conditioned his cooperation in Plaintiff's release on Plaintiff waiving all civil claims and agreeing never to return to Clarendon County, then cancelled a scheduled hearing and referred the matter to the South Carolina Attorney General's Office, which actively opposed Plaintiff's release without conducting any independent inquiry into his innocence. Plaintiff's convictions were vacated on August 28, 2025, after more than fifteen years of incarceration, and all charges were dismissed on September 8, 2025.

### (2) Fact Witnesses

Plaintiff presently expects to call the following fact witnesses. Plaintiff reserves the right to supplement or amend this list as discovery proceeds, and to call any witness identified by any other party.

- Michael Pearson (Plaintiff) — his innocence, alibi, arrest, prosecution, incarceration, efforts to obtain release, and the nature and extent of his damages.

- Kenneth Clark (Defendant) — his investigation, the fingerprint identification process, the confidential informant, Plaintiff's alibi, his 2024 verification of that alibi, and his knowledge of evidence of Plaintiff's innocence.

- Thomas Ham (Defendant) — his role in the investigation and arrest of Plaintiff.

- Ernest Finney, III (Defendant) — his participation in the Weldon investigation, his knowledge of Plaintiff's innocence, his communications and conditions concerning Plaintiff's release, the cancelled hearing, and his communications with the Attorney General's Office.

- Mark Creech (Defendant) — his participation in witness interviews and lineups, his June 22, 2023 email to SLED, and his knowledge of evidence of Plaintiff's innocence.

- Representative(s) of the South Carolina Attorney General's Office with knowledge of that office's handling of and opposition to Plaintiff's post-conviction release.

- Representative(s) of the North Carolina Center for Actual Innocence with knowledge of its investigation and communications with Defendants.

Plaintiff expects other witnesses will arise during this litigation of this case.

### (3) Expert Witnesses

Plaintiff has not yet identified expert witnesses. Plaintiff anticipates that he may offer expert testimony in the following fields, and will disclose experts in accordance with the deadlines set in the amended scheduling order:

- Forensic identification / latent fingerprint analysis (including standards governing blind analysis and the risk of cognitive and confirmation bias).

- Police practices, investigation standards, and the handling and disclosure of exculpatory and post-conviction innocence evidence.

- Mental health, medical, and/or vocational and economic experts concerning the nature and extent of Plaintiff's damages arising from more than fifteen years of wrongful incarceration.

<h2 align="center"><u>(4) Summary of Claims with Supporting Authority</u></h2>

Plaintiff asserts the following claims. The citations below identify authority establishing the elements of each claim and are provided for purposes of Local Civil Rule 26.03(A)(4) only; they are not an exhaustive statement of the law or of Plaintiff's legal contentions.

**Pretrial Claims.**

(a) **Malicious Prosecution (Clarendon County and Clarendon County Sheriff's Office).** *McBride v. Sch. Dist. Of Greenville County*, 398 S.C. 546, 565-66 (Ct. App. 2010). Liability is asserted under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 et seq.

(b) **False Imprisonment (Clarendon County and Clarendon County Sheriff's Office).** Carter v. Bryant, 429 S.C. 298, 306 (T

(c) **Negligent Training and Supervision (Clarendon County and Clarendon County Sheriff's Office).** *Doe v. ATC, Inc.*, 367 S.C. 199 (Ct. App. 2005)

(d) **Negligence and Gross Negligence (Clarendon County and Clarendon County Sheriff's Office).** S.C. Code Ann. § 15-78-10 et seq.; *Steinke v. S.C. Dep't of Labor, Licensing & Regulation*, 336 S.C. 373 (1999) (duty); gross negligence as defined in *Clyburn v. Sumter Cnty. Sch. Dist. No. 17*, 317 S.C. 50 (1994).

(e) **Negligence and Gross Negligence (City of Sumter).** Same authorities; duty of care in the performance of forensic analysis.

(f) **Negligent Training and Supervision (City of Sumter).** *Doe v. ATC, Inc.*, 367 S.C. 199 (Ct. App. 2005); S.C. Code Ann. § 15-78-10 et seq.

(g) **42 U.S.C. § 1983 — Fourth and Fourteenth Amendments (Clark and Ham).** *Franks v. Delaware*, 438 U.S. 154 (1978); *Miller v. Prince George's County*, 475 F.3d 621 (4th Cir. 2007); *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996) (Fourth Amendment malicious prosecution / seizure without probable cause).

**Post-Conviction Claims.**

(h) **False Imprisonment (Clarendon County and Clarendon County Sheriff's Office; Finney in his official capacity; S.C. Attorney General's Office).** *Law v. S.C. Dep't of Corr.,* 368 S.C. 424 (2006); continued detention after Defendants learned of Plaintiff's innocence.

(i) **Negligence and Gross Negligence (Clarendon County and Clarendon County Sheriff's Office; Finney in his official capacity; S.C. Attorney General's Office).** Assumed-duty and special-circumstances doctrines, *Crowley v. Spivey,* 285 S.C. 397 (Ct. App. 1985), and *Edwards v. Lexington County Sheriff's Dep't,* 386 S.C. 285 (2010); S.C. Code Ann. § 15-78-10 et seq.

(j) **42 U.S.C. § 1983 — Fourteenth Amendment Due Process, Failure to Act on Evidence of Innocence (Finney, Clark, and Creech).** *Tennison v. City & County of San Francisco,* 570 F.3d 1078, 1094  (9th Cir. 2009) (collecting cases); *Steidl v. Fermon*, 494 F.3d 623 (7th Cir. 2007) (continued detention in the face of known exculpatory evidence).

(k) **Monell Liability (Clarendon County) — Failure to Maintain Policies and Failure to Train, Supervise, and Discipline.** *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S. 378 (1989); *Connick v. Thompson*, 563 U.S. 51 (2011).

## (5) Proposed Deadlines

Consistent with the parties' proposed Consent Amended Scheduling Order, Plaintiff proposes the following deadlines:

(a) **Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures:** Plaintiff by November 24, 2026; Defendants by December 24, 2026.

(b) **Completion of discovery:** January 25, 2027.

## (6) Special Circumstances Affecting Time Frames

This action involves events spanning from 2010 through 2025, multiple governmental and individual defendants, a substantial documentary record developed across an underlying criminal prosecution, a direct appeal, multiple post-conviction relief proceedings, a federal habeas petition, and the remanded prosecution of a co-defendant. The volume of records, the number of parties and witnesses, and the likelihood of motions addressing immunity defenses constitute special circumstances supporting the ninety-day extension of the deadlines set in the Court's Conference and Scheduling Order.

## (7) Additional Information

Plaintiff is not aware of additional information requested by the assigned judge in a pre-scheduling order at this time. Plaintiff reserves the right to supplement this submission as appropriate.

Respectfully Submitted,

***s/ Joshua Snow Kendrick***
Joshua Snow Kendrick (SC ID 70453)
KENDRICK & LEONARD, P.C.
7 Mills Avenue (29605)
P.O. Box 6938
Greenville, SC 29606
Tel: (864) 760-4000
Josh@KendrickLeonard.com

Christopher S. Leonard (SC ID 80166)
KENDRICK & LEONARD, P.C.
1516 Richland Street (29201)
P.O. Box 886
Columbia, SC 29202
Tel: (803) 667-3186
Chris@KendrickLeonard.com

June 12, 2026
Greenville, South Carolina