IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael Pearson, | ) | C/A: 2:26-cv-01564-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT SOUTH** |
| | ) | **CAROLINA ATTORNEY** |
| Clarendon County; Ernest Finney, III, in his | ) | **GENERAL'S OFFICE'S** |
| official capacity as Solicitor for the Third | ) | **ANSWERS TO LOCAL RULE** |
| Judicial Circuit; Clarendon County Sheriff's | ) | **26.03 INTERROGATORIES** |
| Office; City of Sumter; South Carolina | ) | |
| Attorney General's Office; Kenneth Clark; | ) | |
| Thomas Ham; Ernest Finney, III; Mark | ) | |
| Creech, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant South Carolina Attorney General's Office, by and through its undersigned

counsel, answer Local Rule 26.03 Interrogatories as follows:

1.      A short statement of the facts of the case.

**ANSWER:**

**This matter involves Plaintiff's arrest, conviction, and incarceration following a May 15, 2010 robbery in Clarendon County, South Carolina. Plaintiff pursued the appeals process, and his conviction was upheld by at least three courts: the South Carolina Supreme Court, the post-conviction relief court, and the United States District Court. On June 28, 2025, Plaintiff filed an amended post-conviction relief application based on new evidence which resulted in Plaintiff's release from incarceration on August 21, 2025 and the dismissal of his charge on September 8, 2025. Plaintiff's Complaint brings state court claims under the South Carolina Tort Claims Act as well as 42 U.S.C. § 1983 claims. Plaintiff asserts state tort claims against the South Carolina Attorney General's Office arising solely out of this Defendant's prosecution of Plaintiff's post-conviction relief action. This Defendant has denied liability and damages and has filed a Motion to Dismiss Plaintiff's claims. Defendant's Motion is currently pending with the Court.**

2.      The names of fact witnesses likely to be called by the party and a brief summary of their

expected testimony.

<u>**ANSWER:**</u>

1. **Michael Pearson**

   **Plaintiff is expected to testify as to the claims alleged in his Amended Complaint, filed May 13, 2026 [ECF #13].**

2. **Ernest Finney, III**

   **Solicitor Finney is expected to testify as to the retrial of Plaintiff's criminal co-defendant and the events that occurred thereafter until Plaintiff's release from incarceration.**

3. **Kenneth Clark**

   **Kenneth Clark is expected to testify as to his investigation of the robbery for which Plaintiff was arrested and convicted by a jury.**

4. **Thomas Ham**

   **Thomas Ham is expected to testify as to his investigation of the robbery for which Plaintiff was arrested and convicted by a jury.**

5. **Mark Creech**

   **Mark Creech is expected to testify as to the retrial of Plaintiff's criminal co-defendant and the events that occurred thereafter until Plaintiff's release from incarceration.**

6. **Representative(s) from Clarendon County and Clarendon County Sheriff's Office**

   **One or more representatives of Clarendon County and/or Clarendon County Sheriff's Office are expected to testify as to the investigation of the robbery for which Plaintiff was arrested and convicted by a jury.**

7. **Representative(s) from City of Sumter**

   **One or more representatives of the City of Sumter are expected to testify as to the investigation of the robbery for which Plaintiff was arrested and convicted by a jury as well as the retrial of Plaintiff's criminal co-defendant and the events that occurred thereafter until Plaintiff's release from incarceration.**

8. **South Carolina Attorney General's Office**

   **One or more representatives of the South Carolina Attorney General's Office, including D. Russell Barlow, II, Esquire and T. Cruise Mitchell, Esquire, are**

**expected to testify as to their prosecution of Plaintiff's post-conviction relief action, including their request that Plaintiff be released from incarceration during the pendency of the action.**

**This Defendant reserves the right to call as a witness at the trial of this matter any witness identified by any other party to this lawsuit including those that are identified through the course of discovery.**

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**<u>ANSWER:</u>**

**This Defendant has not identified an expert that it intends to call at trial. Defendant reserves the right to supplement this response as appropriate and such disclosures will be made in accordance with the Court's Amended Scheduling Order. Defendant may retain an expert witness in the field of law enforcement investigations.**

4. A summary of the claims or defenses with statutory and/or case citations supporting the same.

**<u>ANSWER:</u>**

1. **<u>The South Carolina Tort Claims Act</u>**
   **The South Carolina Tort Claims Act is the exclusive remedy for tort suits brought against the State of South Carolina and its political subdivisions. S.C. Code Ann. § 15-78-20. The Tort Claims Acts does not create causes of action; rather, it removes the common law bar of sovereign immunity in certain situations, but only to the extent mandated by the Act. *Summers v. Harrison Constr.*, 298 S.C. 451, 381 S.E.2d 493 (Ct.App.1989).**

   **<u>Limitations on Damages</u>**
   **For any action brought pursuant to the South Carolina Tort Claims Act, liability is limited to $300,000.00 for loss arising from a single occurrence. S.C. Code Ann. § 15-78-120; *Boiter v SCDOT*, 393 S.C. 123, 132-133 (2011); S.C. Code Ann. § 15-78-30(g). The South Carolina Tort Claims Act specifically bars punitive damages. *Id.***

2. **<u>Absolute Immunity</u>**
   **The South Carolina Court of Appeals has confirmed that "a prosecutor, in his official capacity, is immune from a Tort Claims Act suit involving 'judicial' or 'quasi-judicial' acts." *Williams v. Condon*, 347 S.C. 227, 250, 553 S.E.2d 496, 508 (Ct.**

App. 2001). "[A] prosecutor's typical duties are 'judicial' or 'quasi-judicial' in nature." *Id*. Consequently, "a prosecutor in the employ of the state is absolutely immune from personal liability under [ ] the Tort Claims Act for actions relating to the prosecution of an individual as a criminal defendant." *Id*. at 250, 553 S.E.2d at 509. This Court has specifically found that this immunity covers "legal positions [the prosecutor] took in [a] PCR case." *Wilder v. Brooks*, No. C/A 3:08-3089-MBS, 2009 WL 291065, at *4–5 (D.S.C. Feb. 4, 2009).

3. <u>Negligence/Gross Negligence</u>
"In a negligence action, a plaintiff must show that (1) the defendant owes a duty of care to the plaintiff, (2) the defendant breached the duty by a negligent act or omission, (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered an injury or damages*." Steinke v. S.C. Dept. of Labor, Licensing and Regulation*, 336 S.C. 373, 387, 520 S.E.2d 142, 149 (1999). "An essential element in a negligence cause of action is the existence of a legal duty owed by the defendant to the plaintiff. Without such a duty, there can be no actionable negligence." *Wyatt v. Fowler*, 484 S.E.2d 590, 592 (S.C. 1997). "A plaintiff alleging negligence on the part of a governmental actor or entity may rely either upon a duty created by statute or one founded on the common law." *Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 128 (S.C. 2010). "The court must determine, as a matter of law, whether the law recognizes a particular duty." *Steinke*, 336 S.C. 373, 387, 520 S.E.2d at 149.

4. <u>False Imprisonment</u>
To succeed on a false arrest claim, a plaintiff must prove that the defendant intentionally and unlawfully restrained him. *Roberts v. City of Forest Acres*, 902 F. Supp. 662, 671 (D.S.C. 1995) *citing Caldwell v. K-Mart Corp.*, 306 S.C. 27, 410 S.E.2d 21, 23 (App. 1991).

5. <u>Other Defenses</u>
Defendant has asserted and will develop other defenses to Plaintiff's claims. Defendant reserves the right to supplement this response with further authorities in support of their defenses as discovery is conducted and the claims and defenses of this action become more definitive.

5.      Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

   a.   Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

   b.   Completion of discovery.

**ANSWER:**

**The parties have agreed to and submitted an Amended Scheduling Order [ECF #30], setting forth the following deadlines for this case:**

   a.   **Exchange of Fed. R. Civ. P. 26(a)(2)(B) expert disclosures: (1) Plaintiff's expert disclosure is due November 24, 2026; (2) Defendants' expert disclosures are due December 24, 2026.**

   b.   **Discovery Deadline: January 25, 2027.**

6.      Any special circumstances which would affect the time frames applied in preparing the scheduling order.

**ANSWER:**

**This Defendant is not aware of any such circumstances.**

7.      Any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.

**ANSWER:**

**Not applicable.**

   Respectfully submitted on this the 2nd day of July, 2026.

**RICHARDSON, PLOWDEN & ROBINSON, P.A.**

_s/ James E. Haarsgaard_
James E. Haarsgaard (Federal I.D. No. 12298)
235 Magrath Darby Boulevard, Suite 100
Mount Pleasant, South Carolina 29464
803-805-6550 (voice) / 803-805-6599 (fax)
jhaarsgaard@richardsonplowden.com
**_Attorney for Defendant South Carolina Attorney General's Office_**