UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael Pearson, Plaintiff | ) | Case No.: 2:26-cv-01564-RMG-TER |
| vs. | ) | |
| Clarendon County; Third Circuit Solicitor's Office; Clarendon County Sheriff's Office; City of Sumter; South Carolina Attorney General's Office; Kenneth Clark; Thomas Ham; Ernest Finney III; Mark Creech, | ) | **DEFENDANT MARK CREECH'S MOTION TO DISMISS** |
| Defendants. | | |

Defendant Mark Creech (hereafter "Creech"), reserving all rights to answer or otherwise plead in this matter, hereby moves before this court to dismiss the Complaint of Plaintiff Michael Pearson (hereafter "Plaintiff") pursuant to Rule 12(b)(6), FRCP, as well as pursuant to all other applicable law. For the reasons set forth below, Creech respectfully requests that this Court grant his motion and dismiss Plaintiff's claim against him with prejudice.

**FACTUAL BACKGROUND**

This action arises from Plaintiff's conviction for a home robbery that occurred on May 15, 2010, and the subsequent post-conviction investigation into that offense. Plaintiff filed his First Amended Complaint on May 13, 2026, asserting claims under 42 U.S.C. § 1983 against multiple defendants arising from those events.

At all times relevant to this action, Defendant Creech served as an investigator acting under the direction and supervision of Defendant Finney, in his official capacity as Solicitor for the Third Judicial Circuit. Compl. ¶ 10. In the course of his official duties, Defendant Creech conducted witness interviews, presented photo lineups, and participated in investigative efforts, including the administration of polygraph examinations. Compl. ¶¶ 62-64, 77.

As alleged in the Complaint, the investigation uncovered information identifying individuals other than Plaintiff as participants in the robbery. Plaintiff contends that Defendant Creech became aware of that information but failed to ensure that it was disclosed to the court, Plaintiff, or Plaintiff's counsel. Compl. ¶¶ 183-87. Based on those allegations, Plaintiff asserts a single Due Process claim against Creech under 42 U.S.C. § 1983 for an alleged failure to act on evidence of innocence.

Defendant Creech now moves to dismiss Plaintiff's claim pursuant to Rule 12(b)(6), FRCP for failing to state a claim against Creech for violation of due process under 42 U.S.C. § 1983. Further, to the extent Plaintiff seeks to assert any state-law claim against Creech, such claim is barred by the South Carolina Tort Claims Act because Defendant Creech was acting within the scope of his official duties.

**LEGAL STANDARD**

On a motion to dismiss under Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For purposes of a motion to dismiss, the district court must "take all factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint need not include detailed allegations, the plaintiff's obligation to state a claim requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. If a complaint asserts a § 1983 claim that fails to allege a violation of a cognizable federal right, it is subject to dismissal under Rule 12(b)(6). *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011).

## ARGUMENT

### I. Plaintiff has failed to state a valid claim against Defendant Creech.

Plaintiff's sole claim against Creech is a Due Process claim pursuant to 42 U.S.C. § 1983 based on an alleged failure to act on evidence of innocence. Compl. ¶¶ 183-87. To establish a due process claim arising from an investigator's failure to disclose exculpatory evidence, a plaintiff must allege facts demonstrating that the investigator acted in bad faith by intentionally withholding exculpatory evidence or otherwise depriving the plaintiff of its use at trial. *See Jean v. Collins*, 221 F.3d 656, 658-63 (4th Cir. 2000).

Here, Plaintiff's Complaint alleges that Defendant Creech had a duty to disclose evidence of Plaintiff's alleged innocence and violated Plaintiff's due process rights by failing to ensure that the evidence was disclosed to the court, Plaintiff, or Plaintiff's counsel. Compl. ¶ 185-87. Those allegations do not state a constitutional violation. Other circuits have held that investigators, like Creech, do not have an independent Constitutional duty to personally disclose exculpatory evidence to the defense or the court. *See D'Ambrosio v. Marino*, 747 F.3d 378, 389 (6th Cir. 2014) (allegations that an investigator withheld exculpatory evidence "from the defense" do not establish a constitution violation because the investigator "was never required to do otherwise."); *See also Jean v. Collins*, 221 F.3d 656, 661 (4th Cir. 2000). Investigators satisfy any constitutional obligation by providing exculpatory or impeachment evidence to the prosecutor, and where the prosecutor already possesses such evidence, investigators have no independent duty to disclose it. *McMillian v. Johnson*, 88 F.3d 1554, 1557 (11th Cir. 1996). Here, Plaintiff has not alleged that Defendant Creech failed to provide exculpatory evidence or evidence of innocence to the prosecutor.

Moreover, the Complaint contains only conclusory allegations that Defendant Creech "failed to act" on evidence of Plaintiff's innocence and "failed to ensure" that such evidence was disclosed. Compl. ¶¶ 186–87. The Complaint does not allege facts showing that Defendant Creech intentionally withheld exculpatory evidence or otherwise acted in bad faith. Nor does it allege facts demonstrating that Defendant Creech deliberately disregarded a known risk that Plaintiff's constitutional rights would be violated.

Absent factual allegations establishing that Defendant Creech violated an independent constitutional duty or intentionally deprived Plaintiff of exculpatory evidence, Plaintiff has failed to state a plausible due process claim under 42 U.S.C. § 1983. Accordingly, Plaintiff's claim against Defendant Creech should be dismissed pursuant to Rule 12(b)(6).

**II. Defendant Creech is immune from liability under the South Carolina Tort Claims Act.**

To the extent Plaintiff seeks to impose liability upon Defendant Creech under South Carolina tort law, any such claim is barred by the South Carolina Tort Claims Act ("SCTCA"). The SCTCA provides the exclusive remedy for torts committed by government employees. S.C. Code Ann. § 15- 78-70(a); *See also Murphey v. Richland Mem'l Hosp.*, 455 S.E.2d 688, 689 (S.C. 1995). Under the SCTCA, for any given tort, either the government entity or the employee is liable, but not both. *Newkirk v. Enzor*, 240 F. Supp. 3d 426, 436 (D.S.C. 2017).

When an employee who was acting within the scope of his official duties is individually named as a defendant, the government entity for which the employee was acting must be substituted as the proper party defendant. S.C. Code Ann. § 15-78-70(c). However, if a plaintiff proves that an employee's conduct was not within the scope of his official duties or that it constituted "actual malice or intent to harm," then the government agency is not liable, and instead, the employee is personally liable. *Newkirk*, 240 F. Supp. At 436.

Here, Plaintiff's Complaint contains no factual allegations that Defendant Creech acted outside the scope of his official duties or with actual malice or intent to harm. In fact, Plaintiff has merely alleged that Defendant Creech "failed to act" on evidence of Plaintiff's innocence while performing his official duties. *See* Compl. ¶¶ 10, 187-89.

Accordingly, Plaintiff has failed to invoke any exception to the immunity afforded by the SCTCA. Therefore, any state-law claim asserted against Defendant Creech in his individual capacity should be dismissed.

**CONCLUSION**

Wherefore, having fully reserved his right to answer or otherwise plead, Defendant Creech moves to dismiss this action.

Respectfully submitted,

s/ Desa Ballard
Desa Ballard (ID# 1179)
Haley Hubbard (ID#13863)
**Law Offices of Desa Ballard**
226 State Street
West Columbia, SC 29169
Telephone 803.796.9299
Facsimile 803.796.1066
desab@desaballard.com
haley@desaballard.com

ATTORNEYS FOR DEFENDANT
MARK CREECH

September 22, 2026